## GEORGE W. BROWN

*v.*

## THE GALESBURG PRESSED BRICK AND TILE COMPANY.

*Filed at Ottawa May 14, 1890.*

1. ARBITRATION—*whether so considered—as distinguished from an ordinary judgment from which an appeal would lie.* In a suit to recover damages resulting from negligence, after the general issue was filed, the parties stipulated to waive a jury and submit to the judge (who was named) the sole question of the amount of the actual compensatory damages the plaintiff had sustained. By a further stipulation it was agreed that final judgment should be entered in favor of the plaintiff for one-half of the damages found by the judge: *Held,* that the stipulations did not render the proceeding an arbitration, and hence an appeal would lie from the judgment.

2. JUDGMENT BY CONFESSION—*in what it may consist—right of appeal.* Where the amount of actual compensatory damages was to be found by the court, without a jury, it was agreed that judgment should be rendered for only one-half of the amount of the finding: *Held,* that this was not a judgment by confession, so as to deprive the defendant of an appeal. The stipulation is rather an agreement, in advance, to remit one-half of the damages, and to limit the recovery to the residue.

3. EVIDENCE—*refreshing witness' recollection.* A witness was called to testify to the plaintiff's damages, consisting of many items, and stated that he had a recollection of the facts, but said he could not remember or state the items without reference to his memorandum, made at the time of his examination of the property alleged to have been injured. He was allowed, over the defendant's objection, to refer to the memorandum for the purpose of refreshing his recollection, and to have it open before him while testifying: *Held,* that this was a legitimate use of the memorandum, and that there was no error.

4. SAME—*draft or sketch of premises—to indicate the location of property injured.* On a trial of an action for damage to various items of property, after a witness was examined at considerable length in relation to the plaintiff's premises and property, he produced a rough draft or sketch of the premises, made by himself from observation, and not mathematically accurate, showing the relative situation of the property of the plaintiff, which the court trying the case without a jury admitted. The draft or sketch merely located the injured property, without giving any indication as to whether it had been injured at all, or to what extent: *Held,* that there was no prejudicial error in admitting the sketch in evidence.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Knox county.; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. M. J. DOUGHERTY, for the appellant.

Mr. J. A. MCKENZIE, for the appellee.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was an action on the case, brought by the Galesburg Pressed Brick and Tile Company against George W. Brown, to recover damages to the plaintiff's property caused by the breaking of a dam kept and maintained by the defendant. The declaration alleges that, on the 1st day of April, 1887, the plaintiff, in the prosecution of its lawful business, had, near the head of a stream of water in Knox county called Court Creek, a coal shaft, a large amount of wood, a great number of valuable tools and several brick kilns, kiln sheds and machinery, and other articles of property connected with

its business of brick and tile making; that immediately above the plaintiff's brick and tile works and property, the defendant had built or caused to be built a large dam which restrained and kept back, in a large pond or reservoir, a large body of water, and that said dam was unskillfully, carelessly and imprudently built, and recklessly imperilled the lives and property of all persons along said creek below said dam; that on said 1st day of April, 1887, said dam, by reason of the unskillful and imprudent manner in which it was built, broke, and the waters therefrom rushed down upon the premises of the plaintiff and filled up its coal shaft, injured and destroyed its brick kilns and machinery, carried off its coal, wood and tools, and did other injuries to the plaintiff's property. The amount of damages claimed by the declaration was $5000.

The defendant appeared and pleaded not guilty, and thereupon the parties, by their attorneys, made and filed the following stipulation:

"And now come the parties hereto and waive a jury and agree that the only question to be decided by Judge Arthur A. Smith, sitting as said court, is the amount of the actual or compensatory damages the plaintiff has sustained, and it is expressly provided that each party shall be at liberty to introduce any competent evidence he or it may have upon the question of the amount of such actual or compensatory damages sustained by the plaintiff, but the damages shall be actual or compensatory only."

In pursuance of said stipulation a trial was had before Judge Smith without a jury, a large amount of evidence being presented by the respective parties, and on such trial the court found for the plaintiff in the sum of $2900. The defendant thereupon entered its motion for a new trial, which motion the court overruled.

It appears that on the same day on which the foregoing stipulation was entered into, the parties by their attorneys made a further stipulation as follows:

"In consideration that the defendant has, by stipulation of even date herewith, agreed to waive a jury herein, and that Arthur A. Smith, sitting as said Circuit Court, as judge thereof, shall determine the actual or compensatory damages the plaintiff has sustained, and has waived the question of the liability of the defendant for any damages, it is hereby further stipulated and agreed, that when said judge, sitting as said court, shall have determined such damages, which shall be actual and compensatory only, judgment shall be rendered for the plaintiff and against the defendant for one half the amount of such actual or compensatory damages established by the evidence, and as finally found by the court."

This second stipulation was brought to the attention of the court for the first time after the defendant's motion for a new trial had been denied, and it being then presented, judgment was rendered, in accordance with its provisions, in favor of the plaintiff, for $1450 and costs.

The point was made in the Appellate Court and is urged here, that said stipulations converted the proceeding into an arbitration, and constituted the trial judge a mere arbitrator, and that the judgment therefore is one from which no appeal can properly lie. We are unable to assent to this view. The effect of the first stipulation was to waive a jury and submit the cause to the court for trial, with the provision that the trial should take place before a particular judge, said judge being the presiding judge of said court. Said stipulation also, in effect, limited the litigation to one question, viz., the assessment of damages, with the provision that only compensatory damages should be assessed. It seems very clear that there was nothing in all this which changed the character of the proceeding from that of a trial in a court of justice to a trial by an arbitrator. So far as there was to be a trial at all, it was to take place in the Circuit Court and before the judge of that court, and consequently it remained subject to all the rules of law applicable to ordinary judicial trials. Of course

the scope of the trial was limited to the mere assessment of damages. The issue raised by the plea of not guilty was waived, at least by implication, and the case was placed in substantially the same situation as though there had been a default. But it was clearly within the contemplation of the parties that the assessment of damages should be made by the court in the ordinary way, leaving to either party the right to have the judgment reviewed on appeal as in other cases.

We are unable to see that the second stipulation could have any tendency to convert the proceeding into an arbitration. But it is claimed that by virtue of that stipulation, the judgment rendered became a judgment by confession or agreement, and therefore not subject to appeal. We are disposed to view the stipulation rather as an agreement by the plaintiff in advance to remit one-half of the damages which the court might assess, and to limit the recovery to the residue. We see no reason why such an agreement might not be entered into without waiving the right to an appeal from the judgment entered in pursuance of its provisions.

The trial having been had before the court without a jury, and no propositions having been submitted to the court to be held as the law in the decision of the case, the propriety of the finding can not be called in question here. The only contention in relation to the finding is, that the damages assessed are excessive, and as there was evidence tending to support the finding, we can not review it.

The only remaining questions relate to the rulings of the court during the progress of the trial upon the admission of evidence. J. M. Bushong, the plaintiff's foreman, was called as a witness to prove the nature and extent of the plaintiff's damages, and the expense of restoring the property to its former condition, and in the course of his examination he produced a memorandum made by himself at the time, of the various items of cost of repairing and restoring the property and putting it in order, and the witness having testified that

he had a recollection of the facts, but could not remember or state the items without reference to his memorandum, he was permitted, against the objection and exception of the defendant, to refer to the memorandum for the purpose of refreshing his recollection, and to have it open before him while testifying. This we think was a legitimate use of the memorandum, and the objection therefore was properly overruled.

Witness J. H. Calkins was produced by the plaintiff and after being examined at considerable length in relation to the condition and situation of the plaintiff's premises and property after the flood, produced a rough draft or sketch of the premises make by himself, showing the location of the creek and dam, and the relative situation of the plaintiff's kilns, machinery, coal shaft, coal pile, brick shed and other property, and also showing the point where the dam broke and the general course of the flood. It was admitted by the witness that the sketch was drawn from observation and not from measurement, and therefore that it was not mathematically accurate. The plaintiff thereupon offered said sketch in evidence and it was admitted against the defendant's objection and exception. We are of the opinion that in this there was no prejudicial error. The sketch was a mode adopted by the witness for locating and giving the relative situation of the various objects about which he and the other witnesses were called upon to testify, and while it did not profess to be mathematically accurate, it furnished matter of description which it was proper for the court to consider in connection with the other testimony. It enabled him to better understand and apply the evidence to the property in controversy. But even if said sketch were technically inadmissible, we are unable to see that its consideration by the court could have wrought any prejudice to the defendant. It should be remembered that the only question before the court was the amount of the plaintiff's actual loss by the flood, and upon that question said sketch does not seem to have had any direct bearing. It merely located the prop-

erty without giving any indication as to whether it had been injured at all or how much it had been injured.

Other points are discussed by counsel, all of which we have duly considered, but we do not deem them of such importance as to require us to do more than to say that in our opinion none of them are well taken. We find no substantial error in the record, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*