[Filed April 30, 1891.]

## L. L. ROWLAND v. C. W. McCOWN ET AL.

EJECTMENT — EVIDENCE — MAP. — In an action of ejectment, a map or diagram of the premises in controversy, made by a competent surveyor who had surveyed the premises, is competent evidence. It is explanatory of the survey of the premises.

DEED — SURVEY — PAROL EVIDENCE. — A deed which does not refer to a particular survey, and which is unambiguous in its terms, cannot be enlarged, or in any manner modified by the introduction of parol evidence tending to prove that one of the parties to it understood its descriptive words to have reference to a particular private survey.

INSTRUCTIONS — ABSTRACT PROPOSITIONS — REFUSAL NOT ERROR. — It is not error in the trial court to refuse to give instructions which are inapplicable to the case made by the pleadings or to the facts disclosed by the evidence, though correct as abstract propositions of law.

INSTRUCTIONS — STATUTE OF LIMITATIONS. — In an action of ejectment it is not error to refuse an instruction asked by the defendant in relation to the statute of limitations where there is no evidence before the jury tending to prove that the possession of the defendant had been adverse to the true owner for at least ten years.

Marion county: R. P. BOISE, Judge.

Defendants appeal. Affirmed.

This is an action of ejectment to recover two small parcels of real estate situated in Marion county, Oregon, in which it is alleged that the plaintiff owns an undivided interest as a tenant in common with certain others who are named in the complaint. The complaint is in the usual form in such cases. The answer denies the allegations of the

complaint specifically and then pleads title in the defendant
C. W. McCown as to each parcel. The answer further alleges
as a separate defense: That twenty-two years ago said lands
were surveyed by the deputy United States surveyor, John
W. Meldrum, while acting in his official capacity as such
surveyor, and that at the time said survey was made said
deputy surveyor at the request of the parties then owning
said lands made a survey of various tracts, and among them,
at the special instance and request of C. McCown and Josiah
Franklin, said John W. Meldrum, as such officer, made an
actual survey of the lands in question and established the
center of section 7, township 7 south, range two east, at the
point claimed and owned by the defendant C. W. McCown
and said lands above described, and the whole thereof were
fenced by the said defendant C. W. McCown when he became
the purchaser thereof, and the greater part of the same has
been under fence ever since said time, and has always been
claimed and owned by the defendant C. W. McCown and his
grantors ever since, and in all transfers said center corner of
said section, as established by said John W. Meldrum, was
and is the legal monument which has been known and used
by all parties as the center of said section of said township,
and all parties interested have conformed thereto without
question up to the time of the commencement of this action.
Then follows a separate defense of the statute of limitations.
The reply denies the new matter in the answer.    Both
parties claim to deraign title from one Laban Maulding.
The plaintiff's deeds from Maulding are dated April and
May, 1887, and convey the land by legal subdivisions, being
"the N. E. ¼ of the N. W. ¼, and the S. E. ¼ of the N. W. ¼,
and the N. ½ of the N. E. ¼ of section 7, T. 7 S., R. 2 E., of
Willamette meridian and in Marion county, state of Oregon."
The defendant claims under a deed from Maulding, dated
February, 1884, in which the land conveyed is described as
follows:    "Commencing in the center of section 7, township
7 S., R. 2 E., W. M., county of Marion, state of Oregon, run-
ning thence east 240 rods; thence north 80 rods; thence

west 240 rods; thence south 80 rods, to the place of beginning, containing 120 acres." Other facts appear in the opinion.

*W. H. Holmes,* for Appellant.

*S. T. Richardson,* and *Tilmon Ford,* for Respondents.

STRAHAN, C. J.—The points argued on the appeal will be noticed in the order in which they were presented.

A map of section 7, drawn by two surveyors and testified to by them to be correct, was used upon the trial before the jury without objection; but before the plaintiff closed his case, this map was offered in evidence and allowed by the court, to which an exception was taken. Counsel for appellant argue in their brief: "A diagram or map would be a continual or constant witness always in the presence of the jury. It is the testimony of the witnesses that is the evidence, and that alone; you cannot manufacture evidence by giving a diagram or picture of anything; it can be referred to only for the purpose of demonstration." This reasoning is not supported by authority. On the contrary, the rule constantly observed in practice in this state, as well as the one more in consonance with reason, is the other way. It was held in *Hoey* v. *Furman,* 1 Pa. St. 295, 44 Am. Dec. 129, that the draft of a survey, proved to be correct, is admissible in evidence, as explanatory of what the surveyor testified he had done in making the survey. The following cases authorize the introduction of maps and diagrams in evidence: *Stouter* v. *Manhattan Ry. Co.* 6 N. Y. Sup. 163; *Goodwin* v. *McCabe,* 75 Cal. 584; *Tillotson* v. *Prichard,* 60 Vt. 94, 6 Am. St. Rep. 95; *Armendaiz* v. *Stillman,* 67 Tex. 458; *Archer* v. *New York & E. R. R. Co.* 106 N. Y. 589; *Brown* v. *Gallsburg P. B. & T. Co.* 132 Ill. 648. In the two following cases photographs of the *locus in quo* were admitted in evidence: *Dyson* v. *R. R. Co.* 57 Conn. 9, 14 Am. St. Rep. 82; *Archer* v. *R. R. Co.* 106 N. Y. 589.

The next error assigned is the refusal of the court to give instructions numbered 1, 2, and 3, asked by the appellant. The first instruction refused is as follows: "In this case

there is some testimony tending to show that something over twenty-two years ago Mr. Meldrum, at the instance of interested parties, run a line and established what he represented to be the center of section 7, T. 7 S., R. 2 E., which is the section in which the land in controversy is situated. There is some testimony tending to show that when the defendant purchased his land, part of which is the subject of this controversy, from Mr. Maulding, he purchased with reference to the said center as established by Meldrum, making that the initial point intended by his deed. I instruct you, if you find from the evidence that if said Maulding sold said land to the defendant with reference to said line as run by Meldrum to the terminus of the same in the center of the section, and put him in possession of the said land so sold and allotted to him by measurement, then the plaintiff cannot recover." There is not a syllable in Maulding's deed in reference to the Meldrum survey. On the contrary, the initial point mentioned in the deed is the center of the section, without reference to Meldrum's survey. If appellant's contention were to be sustained, the effect would be to introduce additional words in the descriptive part of the deed by parol evidence, which would necessarily give it a different effect from what the language actually used could have, and different from what the maker says he intended. This would clearly be inadmissible where there is no mistake or imperfection in the deed alleged in the pleadings. A question was suggested on the argument whether or not there is enough shown in the evidence to bring the case within the principle of the *dictum* in *Spaur* v. *McBee*, 19 Or. 76; but a careful examination of the pleadings and evidence satisfies us that question is not presented. If the defendants had relied upon an equitable title created by a mistake in the description in his deed, since the amendment of the statute referred to in *Spaur* v. *McBee, supra,* we must have allowed that defense to have prevailed if the jury, under proper instructions, had been of the opinion that it was made out by the evidence. But that is not the defense relied upon here. The appellant's

line of defense is, that he has a legal title, which can be made to appear by proving the Meldrum survey, and then supplementing that by parol evidence that the deed was executed with reference to that survey.    Under the view we take of this case, the court did not err in refusing to give this instruction.

The second instruction, which was refused by the court, is as follows:  "Under the law applicable to cases of this kind, a grantee cannot be put in a better condition than his grantor was at the time of executing the grant, and if Maulding sold the land in controversy by warranty deed to the defendant and put defendant in possession of the same and described it by metes and bounds in the deeds, then and thereafter Maulding had nothing in said land to convey and the plaintiff took nothing by operation of any deed which he received from Maulding purporting to convey the same lands which he had subsequently [previously] deeded to the defendant.    And I leave it to you to say whether as a matter of fact Maulding did deed by prior conveyance the land in controversy to the defendant."    This instruction was inapplicable to the case made by the defendant's pleadings; besides, it is not universally true.    A grantee who takes under a warranty deed and for a valuable consideration without notice of any latent defect in his title, or of any outstanding equity, or of some fraud of his grantor, is always in a better position than his grantor.    In such case he takes the estate discharged of the equity with which it was encumbered in the hands of his grantor.    Whether the plaintiff stood in such relation to the property, we cannot inquire because the question is not before us.    And for that reason the instruction was inapplicable and was properly refused.

The third instruction which was asked by counsel and refused by the court is as follows:  "I instruct you that if the lands in controversy were intended to be conveyed, and were conveyed, by said Maulding to the defendant by a prior conveyance, and you find from the testimony that the defendant and Maulding, who was his grantor, was in the peace-

able occupation of the particular premises in controversy for a period of ten years or more prior to the commencement of this suit, then the plaintiff is barred by the statute of limitations, and you should return a verdict in favor of the defendant." There is much confusion in this instruction. By the first part of it the appellant apparently wished to submit to the jury the legal effect of Maulding's deed. If the lands in controversy were conveyed by Maulding by prior conveyance, the plaintiff could not recover without any regard whatever to the statute of limitations. On the other hand, if the defendant thought that his possession was protected by the statute of limitations, it was his right to ask the court to define to the jury what would constitute adverse possession, and how long it must continue to bar an entry. Again, if the appellant's defense rested on his deed, he had the right and it would have been the duty of the court to have declared its legal effect, and the jury would have been bound by that declaration. The instruction under consideration did neither, and we think was properly refused. It is proper to add that it was properly refused for another reason. The defendant's possession was only seven years, and he was not in privity with any other person who had held adversely to the true owner for the other requisite three years to complete the statutory bar. If, therefore, the instruction under consideration had stated a correct proposition of law, in a proper case, it was inapplicable to the facts of this case. These conclusions are reached with the less hesitancy for the reason that it seems to be tacitly conceded that if the calls in defendant's deed are followed, he is without title to the land in controversy. On the other hand, if he has an equitable title, the result of this litigation will not bar it.

Let the judgment appealed from be affirmed.