STEWART et al. v. MORRIS et al.

(Circuit Court of Appeals, Seventh Circuit.    October 3, 1898.)

No. 476.

1. WITNESSES—USE OF MEMORANDUM—READING TO JURY.
    Where a witness ·has not testified that a memorandum made by him is accurate or full, nor that he cannot by refreshing his memory from it state the facts, it is error to permit such memorandum to be read to the jury.

2. FEDERAL COURTS—FOLLOWING STATE DECISIONS—RULES OF EVIDENCE.
    In an action at law a federal court will follow the decisions of the highest court of the state in which it is sitting as to the rules of evidence.

On petition for rehearing.    Overruled.
For former opinion, see 88 Fed. 461.

Before WOODS and SHOWALTER, Circuit Judges, and BAKER, ·District Judge.

WOODS, Circuit Judge.    A rehearing is asked on the grounds that this court was wrong in holding that by the decisions of the supreme court of Illinois the memorandum read in evidence at the trial was inadmissible, and in holding that the national courts sitting in a state will be governed by the rules of evidence established by the courts of that state.

On the first proposition it is said that the sentences quoted from the opinion in Railroad Co. v. Adler, 56 Ill. 344, "do not convey the full import of the decision," and, to be rightly interpreted, must be read in connection with the sentence immediately following.    It is evident, however, that the portion quoted was intended to be, as it is, an expression of the general rule, and in its application to the present case it is in no sense affected by the following sentence, which is special and limited in its application:

"If in this case [it reads] the witness could say that he remembered the omission to ring the bell or to sound the whistle, no objection is perceived in permitting him to refer to his paper to ascertain the several dates, provided he can say that he knows them to be true, because they were true when made, and were noted at the time."

It is a necessary and, as we suppose, universally recognized rule, that such memoranda, properly verified, are admissible as direct evidence of, or at least may be referred to by the witness to ascertain and state, dates, amounts, quantities, and the like facts which cannot be carried in ordinary memories; but that is an exception to the general rule that a witness may testify to nothing of which he has not a present recollection, and manifestly is not applicable when, as here, the memorandum is used, not to establish a date or like inciden-

tal circumstance, but the substance of a conversation.   Reference is also made to later cases,—such as Coal Co. v. Liddell, 69 Ill. 639; Wolcott v. Heath, 78 Ill. 433; Brown v. Luehrs, 79 Ill. 575; Clifford v. Drake, 110 Ill. 135; Bonnet v. Glattfeldt, 120 Ill. 166, 11 N. E. 250; Brown v. Pile Co., 132 Ill. 648, 24 N. E. 522,—but we find nothing in any of them inconsistent with the view taken of the cases quoted in our opinion.   There is nothing in the opinion to the effect that the witness was not at liberty to refer to the memorandum for the purpose of refreshing his recollection, the point decided being simply that the memorandum should not have been read to the jury.   That was error even by the rule contended for as laid down in Wood, Prac. Ev. § 134, "that the memorandum itself only becomes evidence when the witness, after examining it, although able to swear that he knew it to be correct when he made it, is unable to state the particulars from recollection."   The full statement on which the witness in this case was permitted to read the memorandum to the jury was the following:

"I would say this is a matter of over six years ago, and I would not be able to give the language of Mr. Overstreet.   But by looking at this memoranda I could tell almost verbatim what Mr. Overstreet stated, and I would prefer to state what took place at that time from my memoranda, instead of trusting to my memory.   I can't tell whether I could recollect back to January 24, 1891, and state what took place, or what I recollect from the notes taken at that time; so I would prefer to refresh my memory by reading the memoranda as it took place exactly, because I do not wish to make any statement not in exact accordance with the facts."

He did not testify that the memoranda were accurate or true or full, or that without looking at them he had no recollection of the conversation.   The memorandum itself is manifestly imperfect and fragmentary, falling far short of a verbatim report of the conversation; and, from the statement of the witness that by looking at it he could tell almost verbatim what was said, the fair inference would seem to be that, by looking at the fragmentary expressions of the memorandum, he would be able to recall and from memory give almost the exact words.   There was therefore no reason for using the memorandum except for the purpose of refreshing the memory of the witness.

That the federal courts sitting in a state will follow the decisions of the highest courts of the state concerning the rules of evidence has been more than once explicitly affirmed by the supreme court. In Ex parte Fisk, 113 U. S. 113, 5 Sup. Ct. 724, after quoting section 914 of the Revised Statutes, that court said: "In addition to this, it has been often decided in this court that in actions at law in the courts of the United States the rules of evidence and the law of evidence generally of the states prevail in those courts."   This is quoted and reaffirmed in Bucher v. Railroad Co., 125 U. S. 555, 583, 8 Sup. Ct. 974, where, after stating other respects in which the local decisions, "whether founded on statute or not," are treated as the law of the state by the federal courts, the court says: "The principle also applies to the rules of evidence."   While it is true, as stated in the petition, that the opinion in City of Chicago v. Baker, 30 C. C. A. 364, 86 Fed. 753, is "destitute of any language to support the proposition" to which it was cited, the force of the decision in that direction is not less clear than if expressed.   The question was whether there had been error

in the admission of evidence. By the decisions in New York there had been, but it was insisted that in Illinois a different rule prevailed, and, on the assumption that the rule in Illinois was controlling, the decisions in that state alone were examined, and the conclusion declared accordingly. Our ruling upon the point is in harmony with the decision of the court of appeals for the Fifth circuit in Hinds v. Keith, 13 U. S. App. 222, 6 C. C. A. 231, 57 Fed. 10; and while there is a decision to the contrary in the Eighth circuit, in Railway Co. v. Yates, 49 U. S. App. 241, 25 C. C. A. 103, 79 Fed. 584, the citations on which it was based seem not to be in point, because the questions decided were questions of ultimate right, and no rule of evidence by which the right might be established was considered. The cases referred to are Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10; Railroad Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914; Ryan v. Staples, 40 U. S. App. 427 (1), 23 C. C. A. 541, 76 Fed. 721; Railroad Co. v. Hogan, 27 U. S. App. 184, 11 C. C. A. 51, 63 Fed. 102. The petition is overruled.