John Calahan, Defendant in Error, v. Thomas E. Conran, Plaintiff in Error.

Gen. No. 17,254.

1. EVIDENCE—*contractor may testify from estimate book, though he has no independent recollection.* · A contractor may read from his estimate book in which he claims to have figured the whole job in controversy, though he has no independent recollection of the questions in issue apart from such book.

2. EVIDENCE—*when estimate book may be admitted in.* Where a witness is permitted to testify from a book, aside from which he has no independent recollection, after such testimony, the book itself may be introduced in evidence.

3. APPEALS AND ERRORS—*when error in admitting evidence waived.* Where opposing counsel expressly consents to the introduction of a book in evidence, error, if any is waived.

4. WITNESSES—*exclusion of evidence.* Where a witness is asked what plaintiffs said to him in a conversation relative to a plumbing contract with defendant in controversy, an objection thereto is properly sustained when it does not appear what was attempted to be proven, and no foundation for impeachment is laid.

5. EVIDENCE—*reasonable price for completing performance.* When a set-off is claimed for a refusal to complete performance under a

plumbing contract, evidence as to the reasonable and customary price for the completion of such work is properly excluded as immaterial where the cost of completing such contract is not first shown.

Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October 1, 1912.

ADAMS, BOBB & ADAMS, for plaintiff in error.

PARKER & HAGAN, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

John Calahan brought suit in the Municipal Court of Chicago against Thomas E. Conran to recover for materials furnished, labor performed and loss of profits on a building contract. Conran, who was about to erect an apartment building, entered into a contract with Calahan who agreed to furnish and complete all of the plumbing work in the building for the sum of $2,950. Plaintiff's statement of claim further sets up that in addition to the contract, defendant had agreed to pay a reasonable sum of money for connecting the plumbing system of the building with the street main, the contract having been made with the understanding that the water pipes in the street were laid to the curb line, while in fact they were some distance in the street, necessitating extra expense in making the connection; also that material had been purchased and labor performed toward the installation of the plumbing system, and when the contract was partly completed, defendant refused to permit plaintiff to proceed further and prevented him from completing the work, whereby plaintiff was damaged.

Defendant's affidavit of merits alleges that plaintiff had agreed to do all the plumbing work, including the street plumbing, for $2,950; that plaintiff began the work and, after due notice, refused to furnish fixtures

as contracted for, and refused to continue the work; denies that there was any extra or additional contract; and that defendant prevented plaintiff from completing the work; and alleges that defendant was compelled to relet the contract to another contractor, and that it cost more to finish the job than the total amount claimed by the plaintiff on the contract, and also claims a set-off of $200 therefor.

Plaintiff testified, giving as the reason for discontinuing the work, that after it had been started, defendant insisted that "guaranteed" fixtures be used while the estimate and contract were made with the understanding that "competition" fixtures were to be furnished, and as this involved greater expense, plaintiff would not proceed with the work unless an additional sum was paid him, and defendant refused to allow "competition" goods to be put in.

A trial by jury was had, and a verdict and judgment was rendered in plaintiff's favor. On the trial the plaintiff was called and testified in his own behalf, and during his examination produced a book, and testified that he had the whole job figured in his book; that he had no independent recollection except from that estimate book, and that he used it in his conversation with Conran, the defendant. Objection was made on behalf of the defendant to the witness' using a book and reading from its pages. The court overruled the objection and the ruling of the court is now urged as error. It is argued that while the witness might use the book as a memorandum to refresh his recollection, it was improper for him to read from the book while testifying. In our opinion, under the facts testified to by the witness, it was proper for him to use the book while testifying, and we find no error, after such use, in permitting the book itself to be received in evidence. Brown v. Galesburg Pressed Brick Co., 132 Ill. 648.

The error, if it was error, was waived and made

harmless by the express consent of the defendant that the jury might take the book itself when they retired to consider their verdict. The record shows that at the close of the trial, when the jury were about to retire, counsel for the defendant remarked, "As to the book?" The court said, "That may go with the jury." Counsel for defendant said, "All right."

The defendant called as a witness one Sexsmith, who testified that he had a conversation with the plaintiff in the case in respect to the plumbing in the building in question sometime in November, and the witness was then further asked, "What did he say?" Objection was made to the question and sustained by the court. In sustaining the objection the court ruled that the defendant had a right to impeach Calahan if he wished to do so, but that he should first call Calahan's attention to the time and place of the conversation and to what was said, and if Calahan admitted the alleged statement, then that would be the end of the matter, but that if he denied it, he could be impeached. The court also told counsel that he might call back Calahan to the witness stand and ask him the necessary questions. It does not appear from the record what the plaintiff in error proposed to prove by the witness, nor is it indicated by any question that was asked the witness, and we are unable to say from the record that the ruling of the court was incorrect.

Plaintiff in error called one Lindball as a witness, who testified that he knew the premises in question, and that he had put in the plumbing, gas fixtures and sewerage, except the tank, in the building in question. He was then asked, "Are you able to state what is the reasonable, customary price for that work which you put in that building?" The court sustained an objection by the defendant in error upon the ground that the evidence called for was material. It is urged that this testimony was necessary for the purpose of proving the defendant's (plaintiff in error), set-off to

the claim of the plaintiff in the action. In the defendant's affidavit of merits it was alleged that the defendant was obliged to go into the open market and relet the contract to other contractors, and that it cost more to finish the job than the total amount claimed by plaintiff, and the defendant claimed a set-off for money due against the plaintiff therefor. It would have been proper for the defendant to have proved upon the trial the cost of completing the contract which he claimed the defendant in error had failed to complete, and to show, if he could, that that cost exceeded the contract price; but no evidence appears in the record showing or tending to show the actual cost of finishing the contract. No evidence was offered as to the amount which the defendant actually paid to complete the contract as he alleged, and until such amount was shown in evidence, or such evidence offered, it was immaterial to prove the reasonable and customary price for the work. If the actual cost to the plaintiff in error of completing the contract was more than the contract price, it would then become material to show whether he had paid more than the customary and reasonable charge for completing the work; but, if the actual cost was less than the contract price, such inquiry would be immaterial. The defendant's plea of set-off was based upon the actual cost of completing the contract, according to the averments of his affidavit. If that actual cost was less than the balance due under the contract, it would still be the limit of the defendant's right to recover under the set-off. We can see no reason in the course pursued by the plaintiff in error when he had witnesses present in court and could prove the actual cost of completing the work. Until that was done, the inquiry ruled out by the court was immaterial. Plaintiff in error did not, after the court ruled against him on the question of evidence, offer to prove the actual cost of completing the contract, although he had the witness on the stand

who knew that fact. We do not think the court erred in the ruling complained of.

The main controversy in the case was as to the terms of the verbal contract entered into for the work in question. Plaintiff below testified that the contract provided for the use of "competition" goods in performing the work. The plaintiff in error contended that the original contract required "guaranteed" goods to be used. On the merits of the controversy between the parties upon this point, we are of the opinion that the verdict of the jury is supported by the evidence.

A further question of controversy between the parties was as to a contract for the additional work required in going beyond the curb line some distance into the street in order to connect the plumbing with the water main. Plaintiff below proved that the water pipes did not extend to the curb line, and that he was compelled to go 25 feet, more or less, into the street in order to connect the plumbing system of the building with the water main, and that he was authorized to do the work by the plaintiff in error when it became known that the water had not been brought to the curb line of the street. There is no contradiction in the record as to the value of this additional work done at the request of the plaintiff in error. Plaintiff in error denied that he made any such contract with the defendant in error. This question was likewise decided by the jury in their verdict, and we see no reason for disturbing the verdict upon the merits of the case. The judgment is affirmed.

*Affirmed.*