HINDS et al. v. KEITH.

(Circuit Court of Appeals, Fifth Circuit. March 6, 1893.)

No. 23.

1. REMOVAL OF CAUSES—WAIVER OF PLEAS TO JURISDICTION.
    While the filing of a petition in the state court for removal to the federal court is not such an appearance in the state court as will waive the petitioner's exception to its jurisdiction in case the attempt to remove is unsuccessful, yet the actual removal of the cause to the federal court subjects the petitioner to the jurisdiction of that court, gives it jurisdiction for the purpose of trial and final disposition of the case, and is a waiver of a privilege claimed by pleas that the suit is not for the recovery of real property, the possession thereof, or for a trespass thereto, or that petitioners are not resident freeholders or householders in the county where the suit is brought, but of another county, which pleas are by the state statute pleas in abatement.

2. FEDERAL COURTS—FOLLOWING STATE LAW OF EVIDENCE.
    In actions at law in the federal courts the rules and law of evidence generally of the state within which such courts are held prevail.

**3.** EVIDENCE—MOTIVE.

On trial of an action against a marshal and his sureties for damages for illegal seizure of goods claimed by plaintiff by purchase from the attachment debtor, it is error to permit plaintiff to testify that he acted in good faith and honesty in making the purchase from the debtor, and had no purpose to aid him in defrauding his creditors.

**4.** SAME—HEARSAY.

In such an action a question asked of a witness, "Was it not generally understood there in the community that he [the debtor] was selling goods at cost, and less than cost?" is objectionable, because seeking to prove by notoriety or reputation a particular fact, in which the public had no interest.

**5.** SAME—OPINION EVIDENCE.

The question "From your experience as a merchant would you or not say an ordinarily prudent business man would form a partnership with another to go into his business without inquiring as to his mercantile business, and examining his books?" was objectionable, as calling for an opinion involving a conclusion which, if material, was an inference to be drawn by the jury from circumstances which might be proven.

**6.** SAME—HEARSAY.

Evidence of a witness engaged in business at another locality than the attachment debtor, but within the same county, that witness "knew of" the debtor "engaging in the mercantile business at" such other place, "that he heard from numerous parties that" the debtor "was selling out at less than cost, and that it was generally believed in the community that" the debtor "was in embarrassed circumstances, and would break or fail in his mercantile business," was inadmissible as hearsay or rumor, and because the belief testified to was not shown affirmatively to have been the general belief in the community in which the debtor did business, where the plaintiff resided, and where the sales by the debtor to the plaintiff were made.

**7.** WRONGFUL ATTACHMENT—ACTION FOR—BURDEN OF PROOF.

The plaintiff having bought for cash at a fair and reasonable value, the burden was on defendant to prove that plaintiff had notice, actual or constructive, that the debtor was insolvent or in embarrassed circumstances, or information of suspicious circumstances sufficient to put him upon inquiry, which if followed up would have led to knowledge that the sales were made with intent to hinder, delay, or defraud creditors.

**8.** APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

Where the verdict and judgment is for plaintiff, and it is evident that the whole evidence shown by the record, with all inferences the jury could justifiably have drawn from it, was insufficient to support a verdict for defendants, the judgment should not be reversed, although there may have been errors in ruling on the evidence or in charges given or refused.

**9.** REHEARING—PETITION FOR—CERTIFICATE OF COUNSEL.

A petition for rehearing not supported by certificate of counsel, as provided by rule 29 of the circuit court of appeals, (47 Fed. Rep. xiii.,) should be denied.

**10.** EVIDENCE—HEARSAY.

The notoriety of a sale or purchase in a community is no more than hearsay, and is inadmissible in evidence to raise a presumption of knowledge in the community of such sale or purchase.

**11.** FRAUDULENT CONVEYANCES—EVIDENCE—KNOWLEDGE OF PURCHASER.

The fact that the debtor sold goods cheaper generally than other merchants in the same place did, and sold some particular articles at cost, or below cost, was not of itself such a suspicious circumstance as if known to the plaintiff ought to have put him on inquiry, or which, if followed up, would necessarily or naturally have led to knowledge of the debtor's fraudulent intent.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Alabama.

At Law. Action by Pope W. Keith against Joseph M. Hinds, United States marshal, and Charles C. Sheats, William B. Green, Leroy M. Peevy, and Perry L. Harrison, sureties on his official bond, for damages for an alleged illegal seizure of a stock of goods. The defendant Harrison having died pending the action, the suit abated as to him. From a judgment for plaintiff, defendants appealed. Affirmed, and application for rehearing denied.

H. C. Tompkins and Thomas R. Roulhac, (R. W. Walker and Humes, Sheffey & Speake, on the brief,) for plaintiffs in error.

R. C. Brickell, J. E. Brown, and D. D. Shelby, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

TOULMIN, District Judge. This action was brought by Pope W. Keith, the defendant in error, against James M. Hinds, as United States marshal, and his sureties on his official bond, the plaintiffs in error, to recover damages for an alleged illegal seizure of a stock of goods which said Keith had purchased from one C. M. Fennell, and on which certain writs of attachment against Fennell were levied by the marshal, and which were sold under the levy. The defendants justified under the attachments, alleging that the goods belonged to Fennell at the time of the levy, and also attacking the validity of Keith's purchase on the ground of fraud. The stock of goods was at the time of the levy in the possession of Keith, who claimed to have purchased them from Fennell. The suit was commenced in the circuit court of Jackson county, state of Alabama. Process was issued, and served on the plaintiffs in error. They severally appeared, and pleaded in abatement that the suit was not for the recovery of real property, or for the possession thereof, or for a trespass thereto, and that they were not resident freeholders of Jackson county, but were freeholders or householders in the state, having a permanent residence in a county other than said county of Jackson. Having filed these pleas, the defendants, now plaintiffs in error, filed a petition for the removal of the cause to the circuit court of the United States for the northern district of Alabama. The cause having reached the circuit court of the United States, the pleas in abatement were overruled by the court. The case went to trial on its merits, and a verdict was rendered for the plaintiff, now the defendant in error.

The first assignment of error is that the court erred in overruling these pleas.

The pleas in abatement were of a mere personal privilege, exempting the defendants from suit in other than local actions, without the county of their residence, and is a creature of the statute of the state. The case was a removable one, and it was, on the petition of the defendants, removed to the federal court. The filing of the petition for removal was not such an appearance in the state

court as to waive the defendants' exception to the jurisdiction in that court in case their attempt to remove had been unsuccessful; but the actual removal of the case to the federal court subjected the defendants to the jurisdiction of that court, and operated to give it jurisdiction, for the purpose of trial and final disposition of the case, and was a waiver or relinquishment of the privilege claimed by the pleas in abatement. Bushnell v. Kennedy, 9 Wall. 387; Ahlhauser v. Butler, 50 Fed. Rep. 705. There is a statute which provides that "there shall be no reversal in the supreme court or in a circuit court upon a writ of error, for error in ruling on any plea in abatement, other than a plea to the jurisdiction of the court, or for any error in fact." Rev. St. § 1011. The jurisdiction of the court referred to in the exception in this statute seems to relate to jurisdiction as to subject-matter, and clearly shows that pleas in abatement are not to be favored.

The court did not err in overruling defendants' objection to Keith's evidence in reference to the transactions with Fennell. Rev. St. § 858; Goodwin v. Fox, 129 U. S. 602, 9 Sup. Ct. Rep. 367. But it was virtually conceded in the argument of counsel for the plaintiffs in error that there was no error in the ruling of the court on this point.

There are numerous assignments of error relating to the rulings of the court below touching the admission and rejection of evidence, and the giving and refusing of instructions to the jury. There was a good deal of evidence admitted against the objection of the defendants which, in our judgment, was wholly immaterial, and could not affect the real issues in the case one way or the other. The admission of such evidence was therefore harmless. There are, however, some exceptions to the ruling of the court on the admission and rejection of evidence which we will briefly notice. We think that the court erred in permitting Keith to testify that he acted in good faith and honesty in making the purchases from Fennell, and that he had no purpose to aid him in defrauding his creditors. The courts in many of the states have held that in cases in which knowledge, motive, or intent may be imputed to parties by circumstantial evidence, they are permitted to testify directly as to the existence of such motive or intent, and the ruling of the court below was in harmony with these decisions. But we think the sounder principle and better rule is to exclude such evidence. The supreme court of Alabama has declared that the rule is well settled in that state that a "party certifying for himself should not be permitted to state the motive or intention with which he did an act; that such motive or intention is an inferential fact, to be drawn by the jury from proven attendant facts and circumstances." Burke v. State, 71 Ala. 382; Whizenant v. State, 20 Ala. 383. In actions at law in the courts of the United States the rules of evidence and the law of evidence generally of the state within which such courts are held prevail. Rev. St. § 721; Connecticut Mut. Life Ins. Co. v. Union Trust Co., 112 U. S. 250, 5 Sup. Ct. Rep. 119; Ex parte Fisk, 113 U. S. 720, 5 Sup. Ct. Rep. 724.

There are three exceptions to the exclusion of evidence, which are found in the forty-first, forty-second, and forty-third assignments of error. The forty-first and forty-second assignments of error are the sustaining by the court of objections to the following questions asked a witness: "Was it not generally understood there in the community in the fall and winter of 1884 that he [Fennell] was selling goods at cost, and less than cost?" And "from your experience as a merchant, would you or not say an ordinarily prudent business man would form a partnership with another to go into his business without inquiring as to his mercantile business, and examining his books?"

The first question was objectionable because it sought to prove by notoriety or reputation an objective fact,—a particular fact,—in which the public had no interest, and which cannot be proved in that way, (1 Greenl. Ev. 138; Shutte v. Thompson, 15 Wall. 163;) and the second question called for the mere opinion of the witness,—an opinion involving a conclusion which, if material, was an inference to be drawn by the jury from circumstances which may be proven. Such evidence was inadmissible. The forty-third assignment of error is the exclusion of the evidence of the witness Shelton, which was "that he was engaged in the mercantile business at Larkinsville, Jackson county, Ala., in 1884, and the early part of 1885, and during the time knew of C. M. Fennell engaging in the mercantile business at Scottsboro, in the same county; that in the latter part of 1884 he heard from numerous parties that Fennell was selling out at less than cost, and that it was generally believed in the community that Fennell was in embarrassed circumstances, and would break or fail in his mercantile business." This testimony, if it was to any material fact, was hearsay and rumor, and the belief testified to was not shown affirmatively to have been the general belief in Scottsboro, the community in which Fennell did business, where Keith resided, and where the sales by Fennell to Keith were made. It was properly excluded.

The real issue in the case is whether Keith had notice, actual or constructive, that Fennell was insolvent or in embarrassed circumstances at the time of the sales by Fennell to him, and that he (Fennell) made the sales with intent to hinder, delay, or defraud his creditors. Keith paid Fennell in cash the fair, reasonable value of the goods. This fact being shown, it devolved on the plaintiffs in error, the defendants below, to show that Fennell by the transaction attempted to hinder, delay, or defraud his creditors, and that when Keith purchased from him he knew that such was his intention, or had information of suspicious circumstances, which ought to have led him to make inquiry, and that if he made such inquiry, and followed it up, it would have led to knowledge of Fennell's fraudulent intent. Stix v. Keith, 85 Ala. 465, 5 South. Rep. 184; Skipper v. Reeves, 93 Ala. 332, 8 South. Rep. 804.

There was much evidence tending to show that Fennell's intent in making the sales was fraudulent, and in this respect it may

be conceded that the plaintiffs in error discharged the burden of proof resting on them. But this fraudulent intent is immaterial unless they traced to Keith knowledge of it, or information of suspicious circumstances, which ought to have led him to make inquiry, and which, if followed up, would have led to knowledge of such fraudulent intent. The burden of showing such knowledge or information of such suspicious circumstances was, as we have said, on the plaintiffs in error, and, in our opinion, they have failed to discharge it. We have been unable to find in the evidence any fact or circumstance tracing to Keith knowledge of Fennell's insolvency or fraudulent intent, or information of any suspicious fact or circumstance, which ought to have put him on inquiry, and which, if followed up, would have led to such knowledge at or prior to the sales.

The bill of exceptions sets out all the evidence in the case and that which was excluded. If the whole evidence, with all inferences that the jury could justifiably draw from it, was insufficient to support a verdict for the defendants, now plaintiffs in error, the case will not be reversed, although there may have been errors committed by the court below in rulings on evidence, in charges given, and in the refusal to give certain charges requested by the defendants. Randall v. Railroad Co., 109 U. S. 478, 3 Sup. Ct. Rep. 322; Railroad Co. v. Moore, 121 U. S. 570, 7 Sup. Ct. Rep. 1334.

Our opinion is that the verdict was not only responsive to the evidence and the law applicable to the case, but that, in view of all the evidence, no other verdict could properly have been rendered by the jury. The judgment is affirmed.

---

## On Petition for Rehearing.

### (May 30, 1893.)

TOULMIN, District Judge. Rule 29 of this court provides that a petition for rehearing must be supported by certificate of counsel. The petition in this case is not supported by such certificate, and for that reason should be denied. We, however, will not rest our denial of the petition solely on this ground, but will consider the petition on its merits. The counsel for plaintiffs in error claim that the court erred in holding that evidence that it was "generally understood in the community that Fennell was selling goods at cost" was inadmissible, and that the court was wrong in considering that the objective fact sought to be thus proved was that Fennell was selling goods at cost. They claim that what they sought to prove by this evidence was notice to Keith of the fact that Fennell was thus selling goods by showing that it was a matter of notoriety in the community, and that this fact was a suspicious circumstance, which ought to have put Keith on inquiry. If Fennell's financial embarrassment or insolvency was proved by proper evidence, then proof of its notoriety in the com-

munity would be admissible to bring home knowledge of the fact to Keith, who resides there.    1 Brick. Dig. p. 847, §§ 616–617.    But the notoriety of a sale or purchase in a community is nothing more than hearsay, and is inadmissible as evidence, and it is, in our opinion, inadmissible to raise a presumption of knowledge in the community of such sale or purchase.    Steele v. Worthington, 7 Port. (Ala.) 266;  Yarborough v. Moss, 9 Ala. 382.    If, then, the court misconceived the purpose of the inquiry as to the notoriety of Fennell's selling goods at cost, as is claimed, we are still of the opinion that there was no error in the ruling of the court in reference to it.    There was evidence, admitted without objection, that Fennell sold an overcoat at a price below cost, and that he sold some other goods at very low prices, some of them, in the opinion of the witnesses, at cost;  that no one else in the community had the reputation of selling as cheaply;  and that it was generally understood that he was selling cheaply.    But the evidence further was that he was selling for cash and others on credit, that he bought for cash generally, and most other merchants there bought on credit, and that discounts are given from 1 to 10 per cent. on cash purchases.    It also appeared that while Fennell actually sold some goods of a particular class somewhat cheaper than merchants there generally did, there were some kinds of goods that could be bought cheaper elsewhere, and it appeared that some of the goods bought from Fennell by merchants, or by other persons for them, were sold by such merchants at the same prices.    The fact that Fennell sold goods cheaper than other merchants generally in the same place did, and that he sold some particular article, whether as a leader or otherwise, at cost or below cost, is not of itself such a suspicious circumstance as, if known to Keith, ought to have put him on inquiry, and which, if followed up, would necessarily or naturally have led to knowledge of Fennell's fraudulent intent. Considering all the facts and circumstances as shown by the evidence, we are satisfied with the conclusions heretofore reached by us in the case.

There was evidence of Fennell's removing some goods from his store in Scottsboro to Woodville some time in the fall of 1884, and prior to Keith's purchase;  but there was no evidence, direct or circumstantial, of Keith's knowledge of this.    There was also evidence of Fennell's removing goods from a store in Woodville, 20 miles from Scottsboro, about the time of the seizure by the marshal.    This was a very suspicious circumstance, but this occurred, even if known to Keith, after the purchase by him.

Rehearing denied.