## MYERS et al. v. MOORE-KILE CO.

(Circuit Court of Appeals, Fifth Circuit. February 9, 1922.)

No. 3627.

Evidence ⬦378(1)—Proof of office custom held sufficient evidence of mailing letter to warrant admission of copy.

The testimony of the president of a corporation that he dictated and signed a letter and delivered it to the stenographer, whose duty it was in the usual course of business of the office to properly inclose and mail the same, *held* sufficient under the law of Texas, to authorize admission in evidence of a copy of the letter, where defendant denied its receipt, leaving the questions whether it was mailed, or whether it was received by the addressee, to be determined by the jury.

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Action at law by W. C. Myers and others against the Moore-Kile Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

T. F. Hunter, W. L. Scott, and T. R. Boone, all of Wichita Falls, Tex., for plaintiffs in error.

W. F. Weeks and Tarlton Morrow, both of Wichita Falls, Tex. (Weeks, Morrow & Francis, of Wichita Falls, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The plaintiffs in error, as trustees for the Liberty Pipe Line Company under a trust agreement, brought suit against the defendant in error, Moore-Kile Company, a corporation, to recover damages for the alleged breach by the latter of a contract to sell and deliver certain pipe, which was described in a written order therefor, dated December 17, 1918, as "thirteen and one-half miles (13½) 6″ lap weld, with long recess collars, 19.46 lbs. per lineal foot." The Moore-Kile Company put in issue the allegations of the petition against it, and brought a cross-action, alleging in effect that it complied with the order after the plaintiffs in error had acquiesced in a change of the description of the thing ordered as suggested in a communication containing the following:

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"This is to advise that the weight listed by ·mills for 6" line pipe with long recess collar is 19.367 lbs. and not 19.46 lbs. as specified by you on the order for 13½ miles. We will furnish 19.367 lbs., and if this is not satisfactory advise promptly. As the mills are allowed a 5 per cent. variation of weight, this difference is of no consequence."

In the cross-action the claim was asserted that a balance was due to the Moore-Kile Company under the contract as it was alleged to have been modified. The trial resulted in a judgment in favor of the Moore-Kile Company, which will be referred to as the plaintiff. The plaintiffs in error will be referred to as the defendants.

During the direct examination of L. W. Kile, the president of the plaintiff, and a witness in its behalf, the plaintiff offered in evidence an instrument of which the following is a copy:

"December 21st, 1918. ·
"S—1

"Messrs. Cook & Cooper, Liberty Pipe Line Co., Burkburnett, Texas— Gentlemen: This is to advise that the weight listed by the mills for 6" line pipe with long recess collars is 19.367 lbs., and not 19.46 lbs., as specified by you on the order for 13½ miles. We will furnish 19.367 lbs., and if this is not satisfactory advise promptly. As the mills are allowed a 5 per cent. variation in weight, this difference is of no consequence.

"Very truly yours,                    Moore-Kile Company." · ·

The offer of the instrument was accompanied by a statement by plaintiff's counsel that notice to produce the original of the letter offered had been given to the defendant. The defendant objected to the admission in evidence of the instrument offered, on the grounds that the letter had not been proven up as the rule prescribes in order that it be admitted in evidence, and because the defendants had each and all denied that they had received this letter or had any connection therewith. The objection was overruled, and the instrument was admitted in evidence, after the witness Kile had testified as follows:

"When I got back home I wrote them a letter. This Exhibit No. 2 is a copy of the letter I wrote them. I cannot say that I mailed it personally, but it was mailed with the rest of our mail. All letters in our office are folded, placed in an envelope, and sealed by the stenographer, and mailed by the stenographer. This letter was handled in the same way and in the same manner as ordinary mail. * * * I remember very distinctly of dictating that letter. I dictate the letters and sign them, and the stenographer mails them out in the evening. I handle 25 to 40 letters a day in that way. That is the way this letter was handled. This Exhibit No. 2 is an exact carbon copy of the letter I dictated to the stenographer and signed, and was given to the stenographer to mail. This is an exact copy, made at the same time the original letter was written. I dictated it and signed it as president." ·

On his cross-examination the witness testified as follows:

"It was a couple of days after I got back to Tulsa before I looked up the exact decimal. That is when I wrote this letter of December 21, 1918, marked Exhibit No. 2—when I looked up the decimal. Then I sat down and dictated that letter. The letter was written and brought to my desk, and I signed it. I do not think I saw it folded and put in the envelope. I did not address envelope, and did not see the envelope addressed. I did not stamp the envelope. I did not see it stamped, and did not see it put in the United States mail box. I do not tell this jury of my own knowledge that that letter was properly addressed, properly stamped, and deposited in the United States post office, at any place or time. * * * When I wrote that letter, dated some time in December, in which I told them about this 5 per cent.

variation that the mills allowed, I had a return card on the envelope. We were using an envelope at that time with a return card on it. That letter was never returned to us."

. W. M. Cook was the manager of the Liberty Pipe Company, and H. C. Cooper was connected with that company.

The defendants rely on the first above mentioned ground of objection to the admission in evidence of the copy of the letter. Their contention is supported by the rulings made in the case of Hetherington v. Kemp, 4 Campbell, 193, and in some later English and American cases, in which the ruling in the case cited was followed. In that case the plaintiff offered in evidence a letter, after testifying that he wrote and addressed it to the defendant, and put it down on a table where, according to the usage of his counting house, letters for the post were always deposited, and that a porter carries them from thence to the post office. The porter was not called. In rendering the decision Lord Ellenborough said:

"You must go farther. Some evidence must be given that the letter was taken from the table in the counting house, and put into the post office. Had you called the porter, and he had said that, although he had no recollection of the letter in question, he invariably carried to the post office all the letters found upon the table, this might have done; but I cannot hold this general evidence of the course of business in the plaintiff's counting house to be sufficient."

Under the above referred to line of decisions testimony in addition to that of the writer of a letter is required to warrant a presumption or inference that it got to the post office, though such additional testimony merely corroborates that of the writer of the letter. To say the least, the reason for requiring additional testimony is not apparent, when the writer of the letter deposes to all that the carrier of letters from the place of business in which the letter was written and deposited for mailing would have to prove to warrant a finding that the letter was mailed. In the opinion in the case of Knickerbocker Ins. Co. v. Pendleton, 115 U. S. 339, 6 Sup. Ct. 74, 29 L. Ed. 432, the following statement was quoted with approval:

"The fact, too, of sending a letter to a post office will, in general, be regarded by a jury as presumptively proved, if it be shown to have been handed to, or left with, the clerk whose duty it was, in the ordinary course of business, to carry letters to the post, and if he can declare that, although he has no recollection of the particular letter, he invariably took to the postoffice all letters that either were delivered to him or were deposited in a certain place for that purpose."

The inference from such proof that the letter was mailed is based on the assumption that what, according to the settled custom or usage followed in the place of business in which the letter was written and deposited for mailing, ordinarily results from what was proved to have been done probably resulted in the given case. It is based on proof of the usual course of business. If the writer of the letter knows what that course of business was and testifies accordingly, testimony to the same effect by another person connected with the business would be merely cumulative. Under the authorities relied on by counsel for the defendants, the ruling under consideration would have been proper

if the plaintiff's stenographer also had been a witness and had testified as to the course of business in plaintiff's office just as the witness Kile did, and further that she remembered nothing about the letter in question. We are of opinion that there is an absence of good reason for requiring additional proof as a predicate for the admission in evidence of a writer's copy of a letter claimed to have been sent by mail, after there has been adduced evidence, direct or circumstantial, which would support a finding by the jury that the letter was duly mailed. There are authorities which support the ruling under consideration. Lawrence Bank v. Raney & Berger Iron Co., 77 Md. 321, 26 Atl. 119; Whitney Wagon Works v. Moore, 61 Vt. 239, 17 Atl. 1007; Smith v. F. W. Heitman Co., 44 Tex. Civ. App. 358, 98 S. W. 1074; Watson v. Harris, 61 Tex. Civ. App. 263, 130 S. W. 237.

In the case of Smith v. F. W. Heitman Co., supra, the Court of Civil Appeals of Texas decided that testimony that witness wrote a letter and placed it on a mailing table, to be mailed by the boy who attended to that business, and that such was the custom of witness with regard to mailing letters, was sufficient to warrant a finding that the letter was regularly mailed by being deposited in the post office, properly addressed and stamped, and that it was received by the addressee. The following is an extract from the opinion in that case:

"We think these facts afforded a presumption that the letter was mailed, and properly mailed; that is, with the necessary postage affixed. With regard to the correspondence of an ordinary business concern, such as appellee, it would be only by the merest chance that it would be possible in any case, after the lapse of much less time than in the present case, to prove by direct evidence that a letter shown to have been written was deposited in the post office properly addressed and stamped. It is true that a letter will not be presumed to have been received unless this is shown; but we think this fact of proper mailing may be shown by circumstances, and that the regular and settled custom of a business house with regard to the disposition of letters sent out by it through the mail would be admissible as such a circumstance, and sufficient to uphold an inference by the jury that such letter was regularly mailed—that is, deposited in the post office, properly addressed and stamped —and was received by the addressee."

That ruling was approved in the subsequent Texas case of Watson v. Harris, supra. In actions at law in the federal courts the rules and law of evidence generally of the state within which such courts are held prevail. Hinds v. Keith, 57 Fed. 10, 6 C. C. A. 231. The ruling under consideration is sustainable on the ground that it was in harmony with the decisions of the Texas courts bearing upon the question presented. By its charge the court left it to the jury to find from the evidence whether the letter in question was or was not written and mailed as alleged, and whether it was or was not received by the defendants.

The other ruling complained of in argument of counsel for the defendants is the refusal of the court to give a requested charge to find in their favor. That charge was properly refused. There was evidence warranting findings against the defendants on the claim asserted by them and on the claim asserted against them in the cross-action.

The conclusion is that no reversible error is shown by the record. The judgment is affirmed.

KING, Circuit Judge (concurring). In the above-stated case the writer of the letter testified that he dictated the letter and handed it to his stenographer, whose duty it was to mail the same; that this was the custom of his office. The addressees of the letter testified that it never reached them. The stenographer was not produced as a witness, and no reason for not calling her was offered.

I do not think her testimony as to her invariable practice in regard to addressing and mailing all letters would be only cumulative to the testimony of the writer of the letter. While that testimony proved the conduct and custom of the writer of the letter, it did not extend to the custom or conduct of the stenographer in carrying out her part in the mailing.

As an original proposition, I do not think the proof adduced would meet the requirement stated in the quotation from Knickerbocker Life Ins. Co. v. Pendleton, 115 U. S. 339, 345, 6 Sup. Ct. 74, 29 L. Ed. 432; nor would it be sufficient under the weight of authority, Gardam & Son v. Ballerson, 198 N. Y. 175, 91 N. E. 371, 139 Am. St. Rep. 806, 19 Ann. Cas. 649; Goucher v. Carthage Novelty Co., 116 Mo. App. 99, 91 S. W. 447.

I concur in the judgment of the court upon the single ground that the sufficiency of the proof offered has been settled as a rule of evidence in Texas by the Supreme Court of that state. Bucher v. Cheshire R. R. Co., 125 U. S. 555, 8 Sup. Ct. 974, 31 L. Ed. 795; Nashua Savings Bank v. Anglo-American Co., 189 U. S. 221, 228, 23 Sup. Ct. 517, 47 L. Ed. 782.