GERTRUDE DEBES AND PETER DEBES, PLAINTIFFS-AP-
PELLANTS, v. FRANCES MORGANROTH, DEFENDANT-
RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 2, 1957—Decided December 11, 1957.

Before Judges CLAPP, JAYNE and SCHETTINO.

*Mr. Charles L. Morgan* argued the cause for appellants (*Mr. Milton Kosene,* attorney).

*Mr. Robert L. Clifford* argued the cause for respondent (*Messrs. Mead, Gleeson, Hansen & Pantages,* attorneys).

The opinion of the court was delivered by

JAYNE, J. A. D.  Judicial precedents do not change; the courts displace them with new ones. The former are not destroyed, but are transplanted and forever viewed in the background of the legal vineyard. Frequently their application in a given case, as here, continues to be invoked by counsel. It is the recent transformation in our decisional law of the duty of care exacted of the occupier of premises for the safety of licensees and social guests that penetrates our consideration of the present case. *Vide, Taneian v. Meghrigian,* 15 *N. J.* 267, 271 (1954); *Taylor v. New Jersey Highway Authority,* 22 *N. J.* 454, 462 (1956); *Mistrella v. Alessi,* 45 *N. J. Super.* 176 (*App. Div.* 1957); *Knox v. Goodman,* 45 *N. J. Super.* 428 (*App. Div.* 1957).

In this instance we are concerned with the propriety of the involuntary dismissal of a cause of action within that category.

It was the defendant's one-story cottage at Lake Stockholm in Sussex County into which the plaintiff Mrs. Debes was admitted as a social guest on the afternoon of November 6, 1954 and where, during her friendly visit, she encountered the unfortunate mishap which ultimately occasioned the institution of the present action at law.

The cottage had been acquired by the defendant some years prior to the mishap for summer occupancy. It comprised a cellar and on the first floor a kitchen, dinette, living room, a small area five by seven feet in dimensions described as a foyer, two bedrooms, and a bathroom.

The foyer seems to be in the nature of a hall affording passage from the living room in the front to the bedrooms in the rear of the house. Proceeding from the living room toward the bedrooms, three doors are localized in the left wall of the foyer, the first supplying access to the bathroom, the second to a bedroom, and the third to the cellar stairway. Another door observable to the right provides entrance to the other bedroom.

The plaintiffs and the defendant and her husband had resolved with others to dine elsewhere that evening. The

defendant retired alone to her bedroom in preparation for the event but, womanlike, she soon audibly summoned Mrs. Debes to elicit from the latter her preferences in the selections of the defendant's proposed attire.

Graciously responding to the defendant's behest, Mrs. Debes entered the foyer on her way toward the bedrooms situate, as she knew, in the rear of the cottage. The doors in the foyer were all closed. Alas, she opened the third door on the left and fell down the stairway to the concrete floor of the cellar.

The occurrence of the accident with consequential bodily injuries to Mrs. Debes and incidental losses to her husband is not a subject of dispute. The controversial point presents the inquiry whether the evidence adduced on behalf of the plaintiffs supported in a *prima facie* degree the alleged tortious responsibility of the defendant.

The solution of the point necessitates a consideration of several additional factual characteristics of particular pertinency and material significance to which we shall now allude. The evidence disclosed that all of the doors in the foyer were of solid conformation and indistinguishable in shape and appearance. Oddly, the cellar door opened inwardly at once over the ten steps descending to the basement. There was no platform whatever upon which one would first step in opening the receding door. The door was left unbolted and unlocked. No warning in any form or particular had been imparted to Mrs. Debes that the door entered the cellar stairway. A building constructor of residences having a quarter of a century of experience expressed the opinion that the installation of a door opening inwardly into the open space above a stairway without a platform approach was antagonistic to the customary patterns of safe construction.

Might not fair-minded jurors in the circumstances disclosed by the evidence have concluded that the doorway conditions constituted an unreasonable and dangerous risk to an unwarned guest? We think that impartial jurors might have so concluded with unexceptionable rationality.

Indeed, we can envision the likelihood of some jurors to regard the condition as having the characteristics of a concealed trap reasonably apt to imperil the safety of a completely unadvised household visitor. However, we cannot agree that the condition as represented positively and unequivocally did not possess any endangering or hazardous attributes.

It seems more probable that the involuntary dismissal of the action in this instance reclined upon the application of our earlier decisions which squeezed the household guest into the frame of the licensee who must "take the premises as he finds them" and to whom the host owed only the duty to refrain from willfully or wantonly injuring the guest. Such as, *Morril v. Morril,* 104 *N. J. L.* 557, 561 (*E. & A.* 1928); *Gregory v. Loder,* 116 *N. J. L.* 451 (*Sup. Ct.* 1936); *Lewis v. Dear,* 120 *N. J. L.* 244 (*E. & A.* 1938); *Cosgrave v. Malstrom,* 127 *N. J. L.* 505 (*Sup. Ct.* 1941); *Vogel v. Eckert,* 22 *N. J. Super.* 220 (*App. Div.* 1952).

Noticeably the liberal tort immunities of owners and possessors of land are being progressively modified by our decisional law. The modern concept of the defendant's obligation of care for the safety of Mrs. Debes as a guest ought to have been contemplated in the consideration of the motion to remove the present cause of action from the deliberations of the jury.

In our decision in *Mistretta v. Alessi, supra* (45 *N. J. Super.* at *page* 180), we announced the present rule to be that:

"* * * if the occupier knows of some artificial or natural condition on the premises and, in the exercise of reasonable foresight, should realize that it involves an unreasonable risk to a licensee, then he is under a duty to take reasonable care to make the condition safe or to give a warning of its presence and of the extent of the risk involved."

Here, there was evidence adduced by the plaintiffs logically productive in a *prima facie* degree of factual inferences demanding jury determination in their relation to the present standard of requisite care.

It cannot be persuasively proposed that Mrs. Debes indulged in contributory negligence which clearly appears conclusively as a fact or by necessary exclusive inference from the evidence submitted. *Gentile v. Public Service Coordinated Transport,* 12 *N. J. Super.* 45 (*App. Div.* 1951).

Our appellate review of the record guides us to the conclusion that the court's dismissal of the action was erroneous. Since our reversal of the existing judgment prognosticates a new trial, we shall comment upon the propriety of two other rulings of the trial judge made during the endeavor of the plaintiffs to sustain their alleged cause of action.

The defendant's knowledge of the condition was indubitable, but the essentiality of proving the reasonable foreseeability of its hazardous features was also recognized. To underprop the evidence in that particular, the trial attorney for the plaintiffs proffered testimony to disclose that to the knowledge of the defendant, another house guest had previously and in like circumstances fallen down the same stairway. The introduction of the proposed testimony was denied.

The relevancy of testimony must be tested by its probative value with respect to the points at issue, and all relevant and competent evidence is to be admitted unless some specific rule forbids it. *Miller v. Trans Oil Co.,* 18 *N. J.* 407, 411 (1955).

But proof of comparable prior accidents to others likewise attributable to the same condition has despite its relevancy been closely restricted over the past years mainly for pragmatical reasons, such as its tendency to create a confusion of issues, an undue consumption of time and protraction of the trial, and an inordinate prejudicial influence. *Vide, Temperance Hall Association of Trenton v. Giles,* 33 *N. J. L.* 260, 264 (*Sup. Ct.* 1869); *Schenck v. Griffin,* 38 *N. J. L.* 462, 471 (*E. & A.* 1875); *Crouse v. Stacy-Trent Co.,* 110 *N. J. L.* 124, 128 (*E. & A.* 1933); *Leech v. Hudson & Manhattan R. Co.,* 113 *N. J. L.* 366, 370 (*Sup. Ct.* 1934), affirmed 115 *N. J. L.* 114 (*E. & A.* 1935); *Schwartz v.*

*Howard Savings Institution*, 117 *N. J. L.* 180, 183 (*E. & A.* 1936); *Jones v. Lahn*, 1 *N. J.* 358, 361 (1949).

█ █ Those decisions established the rule that proof of a previous mishap similarly occasioned is not admissible to demonstrate *the dangerous nature and character of the condition*. In proposing the acceptance of this proof of the prior accident, the trial attorney of the plaintiffs remarked: "I feel the testimony is admissible in order to establish the notice to Morganroth of the dangerous condition." The rejection of the testimony proffered for that announced purpose was in accord with the existing state of our procedural law.

█ The other ruling to which our attention is attracted pertained to a hypothetical question propounded to the building contractor to elicit his opinion "whether or not there was a causal connection between the improper construction of the cellar entrance and the fall of Mrs. Debes." For reasons quite apparent, the question was properly overruled.

The judgment is reversed and a new trial granted.