52 N.J. Super. 450 (1958)
145 A.2d 650
ESTHER PEARLSTEIN, PLAINTIFF-APPELLANT,
v.
SHERWOOD LEEDS AND GOLDYE LEEDS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 17, 1958.
Decided November 12, 1958.
*452 Before Judges PRICE, SCHETTINO and HALL.
Mr. Alfred Brenner argued the cause for plaintiff-appellant.
Mr. Richard H. Hughes argued the cause for defendants-respondents (Messrs. Carpenter, Bennett, Beggans & Morrissey, attorneys; Mr. James P. Beggans, of counsel).
The opinion of the court was delivered by HALL, J.A.D.
Plaintiff appeals from a judgment for defendants entered in the Law Division on their motion at the close of the whole case. The suit seeks recovery for personal injuries sustained as a result of a fall on a waxed staircase in defendants' home while plaintiff was visiting there. She was fully aware of the condition. The questions presented involve aspects of the familiar problem of the duty owed by the occupier of real property to persons on the premises.
We summarize the evidence in the light most favorable to plaintiff, for on such a motion all which supports her case must be accepted as true and she must have the benefit of all legitimate inferences which may be drawn therefrom. Melone v. Jersey Central Power & Light Co., 18 N.J. 163, 170 (1955).
*453 Defendants had invited 20 or so of their close relatives to a family lawn party to be held on a Sunday afternoon at their home in Franklin Township, near New Brunswick, the particular occasion being to celebrate the birthdays of two of their children. Mrs. Leeds asked plaintiff, an unmarried cousin, who was invited to the party, to come from her home in Bayonne in advance to assist in the preparations. She arrived on Saturday afternoon, went shopping with Mrs. Leeds, and that evening made cole slaw and potato salad for the next day's event.
Mrs. Leeds was occupied that evening in the very natural housewifely task of cleaning the house so that it would "look very nice by the time my company arrived." Included in this was waxing and polishing the floors and stairs. The house was of the split-level type having several sets of stairs. That with which we are concerned comprised six or seven steps and led from the living room to the bedrooms, occupied by the family and Miss Pearlstein, and one of the two bathrooms. The wax was applied to each step by pouring a bit in the center and then spreading it around and rubbing it in with a cloth. There is no suggestion that the steps were slippery that evening as a result.
The next morning, not being quite satisfied, Mrs. Leeds went over the steps again with a cloth, but without applying more wax. As she put it: "Feeling it would make the shine a little bit higher, I just glossed them up." They were used by the family without comment or mishap until shortly before the guests arrived in mid-afternoon, when plaintiff, having had occasion to go to the bedroom area, on her descent found the stairs slippery from the high polish. She reported to Mrs. Leeds that "the steps were very slippery and it's dangerous for people to walk up and down," and told her to do something about it. Plaintiff testified that Mrs. Leeds replied that she would "try to get some of it off." The latter does not recall her reply, but, in any event, the relatives started to arrive very shortly and nothing was done. Late in the afternoon, after the party was over, plaintiff went up to the bedroom section again. She noticed *454 on her way up that they were just as slippery as they had been in mid-afternoon when she reported the condition to the hostess. On her subsequent descent while holding on to the bannister, she slipped and fell and sustained the injuries for which damages are sought. The only other evidence on the issue of liability was the testimony of another guest, a Mrs. Cohen (Mrs. Leeds' sister and plaintiff's cousin), that she noticed, on trips up or down the stairway during the party, that the steps were "highly polished or waxed" and "slippery."
The trial court granted the motion for judgment primarily on the basis that plaintiff was a social guest and so a mere licensee, the alleged dangerous condition was known to her, and therefore defendants violated no duty owed to her. Plaintiff principally urges to us that she was actually an invitee rather than a social guest and, even if she was no more than a licensee, recent decisions of our courts in the field of liability of land occupiers have in effect removed all distinction between a licensee and an invitee concerning duty, imposing a uniform general standard of reasonable care under the circumstances to make the premises reasonably safe wherever there is foreseeable risk of harm. It is claimed a jury question was presented as to defendants' compliance with that standard and the granting of the motion for judgment was therefore error.
The trial judge further held that plaintiff was barred from recovery as a matter of law because she deliberately subjected herself to a known hazard and risk, and that the mere making of a walking surface slippery from the use of wax, in the course of a usual and customary act of cleaning and polishing, if applied as here according to normal and generally accepted standards, cannot give rise ipso facto to any inference of negligence. As we view the case, these additional grounds of decision below, on the basis of which plaintiff also contends for reversal, are not of controlling importance.
First to be considered is the question of the duty owed to plaintiff under the present state of our law, assuming *455 her to be a social guest. It must be kept in mind that we are dealing with a situation where she was completely cognizant of the alleged hazard and risk, thereby adding an additional element to the factual situations found in recent decisions in the field.
We are convinced that there is no basis for plaintiff's contentions that the duty presently owed to a gratuitous licensee in New Jersey is the same as the obligation to an invitee or business visitor, or that the duty owed to either simply amounts to a general standard of reasonable care under the circumstances. Although we know of no recent decision of our Supreme Court expressly dealing with licensees, including social guests, in the connotation with which we are here concerned, several very recent opinions of the Appellate Division make it abundantly clear that while our law in dealing with this relationship has very definitely advanced from the former limited duty of refraining from willfully injurious actions and warning of hidden traps (Fleckenstein v. Great Atlantic and Pacific Tea Co., 91 N.J.L. 145 (E. & A. 1917); Lordi v. Spiotta, 133 N.J.L. 581 (Sup. Ct. 1946)), it has come only to and is identical with the view expressed in the Restatement, Torts (1934), both with respect to activities (section 341) and natural or artificial conditions (section 342) on the premises. See Landowners' Liability in New Jersey: The Limitation of Traditional Immunities, 12 Rutgers L. Rev. 599, 608-610 (1958). The duty owed to a licensee in New Jersey today is best expressed by quotation of these sections.
Section 341, entitled "Activities Dangerous to Licensees," reads:
"A possessor of land is subject to liability to licensees, whether business visitors or gratuitous licensees, for bodily harm caused to them by his failure to carry on his activities with reasonable care for their safety, unless the licensees know or from facts known to them, should know of the possessor's activities and of the risk involved therein."
Section 342, captioned "Dangerous Conditions Known to Possessor," reads:
*456 "A possessor of land is subject to liability for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon if, but only if, he
(a) knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and
(b) invites or permits them to enter or remain upon the land, without exercising reasonable care
(i) to make the condition reasonably safe, or
(ii) to warn them of the condition and the risk involved therein."
The recent decisions of this court just referred to, all of which involved social guests, comprise the leading case of Mistretta v. Alessi, 45 N.J. Super. 176 (App. Div. 1957), and the subsequent cases following the principles there laid down: Knox v. Goodman, 45 N.J. Super. 428 (App. Div. 1957); Debes v. Morganroth, 48 N.J. Super. 39 (App. Div. 1957); Berger v. Shapiro, 52 N.J. Super. 94 (App. Div. 1958). In each case the court approached the problem by determining the status of the plaintiff and then applying the rule of the Restatement, either by express reference thereto or by inference, to determine liability. While in none of them was the court concerned with the plaintiff's knowledge or awareness of the activity or condition and appreciation of the risk, as uncontradictedly exists here, the soundness of precluding liability to a gratuitous licensee by reason of the existence of such knowledge or appreciation, as the Restatement expressly states, cannot well be questioned. (It is to be noted that in this connotation we are not involved with an affirmative defense of assumption of risk or contributory negligence but rather with an absence of a necessary element of the occupier's duty and breach thereof). Our view is in accord with that expressed by the Supreme Court, by way of dictum, in Taneian v. Meghrigian, 15 N.J. 267, 275 (1954), and Imre v. Riegel Paper Corp., 24 N.J. 438, 445 (1957), that there is no liability to a gratuitous licensee where he is aware of the peril.
We therefore hold that there was, as a matter of law, no breach of duty here by defendants to plaintiff, assuming her to be a social guest, whether the slippery staircase be considered an activity or an artificial condition (cf. Mistretta *457 v. Alessi, supra), since she was completely aware of it and the extent of the risk involved.
There remains to be considered whether plaintiff is actually to be considered a social guest or, under the peculiar facts, was she more than that and so must be treated as some species of a business visitor and an invitee. Plaintiff questions the issue of her status being properly in the case. We think it clearly was by reason of the denial of the allegation in the complaint that plaintiff was invited to the premises for the sole benefit of defendants for the purpose of rendering services to them, and of the separate defense that defendants breached no duty owing to plaintiff, even though the pretrial order could and should have been more explicit in detailing defendants' contentions and the issues. 2 Schnitzer and Wildstein, N.J. Rules Service, A IV-845, and cases cited therein.
Except as plaintiff's argument may be said to suggest inferentially that the classification of social guest should be whittled away wherever possible because it is claimed to be unsound, we need not be greatly concerned with why a house guest, though generally coming on the premises by express invitation of the host, is treated by the law only as a licensee. The principle is firmly imbedded. The Restatement, section 331, comment a(3), includes the guest as a type of gratuitous licensee. The courts have almost universally agreed that he should be entitled only to the same degree of care as a licensee and not that accorded to the business visitor or other invitee. Annotation, Liability for injury to guest in home or similar premises, 25 A.L.R.2d 598, 600; Prosser, Handbook of the Law of Torts (2d ed. 1955), p. 447; 2 Harper and James, The Law of Torts, sec. 27.11, p. 1477 (1956). Prosser says:
"The reason usually given is that the guest understands when he comes that he is to be placed on the same footing as one of the family, and must take the premises as the occupier himself uses them, without any preparation for his safety; and that he understands that he must assume the risk of defective conditions unknown to the occupier, and is entitled at most to a warning of dangers that are known." pp. 447-8. *458 Harper and James put it this way:
"Such a limitation of duty probably conforms to people's reasonable expectations in the ordinary host-guest situation." P. 1477.
New Jersey has always adhered to the classification of the guest as a licensee. Morril v. Morril, 104 N.J.L. 557, 561 (E. & A. 1928); Lewis v. Dear, 120 N.J.L. 244 (E. & A. 1938); Cosgrave v. Malstrom, 127 N.J.L. 505 (Sup. Ct. 1941); Vogel v. Eckert, 22 N.J. Super. 220 (App. Div. 1952). Even since we progressed to the rule of sections 341 and 342 of the Restatement concerning the duty owed to all gratuitous licensees by Mistretta (45 N.J. Super. 176), we continue to treat guests in that category. As we have said, that case and all the subsequent decisions of this court previously cited involved injuries to such persons. We have, of course, advanced the protection afforded them to the same extent as that now given any other licensee. For example, it would seem that the result in Lewis v. Dear, supra, a slippery floor case, would not be the same since Mistretta, assuming the host knew that the floor was slippery and, in the exercise of reasonable foresight, should have realized that it involved an unreasonable risk to his guest.
But the question before us really is whether the fact that plaintiff assisted Mrs. Leeds in the preparations as well as being one of the party guests made her legally more than a guest for present purposes. We think not. It has generally been held the guest remains such despite the performance of services beneficial to the host in the course of the visit. Annotation cited, 25 A.L.R.2d at pages 600, 605-608. McHenry v. Howells, 201 Or. 697, 272 P.2d 210 (Sup. Ct. 1954); Laube v. Stevenson, 137 Conn. 469, 78 A.2d 693, 25 A.L.R.2d 592 (Sup. Ct. Err. 1951); O'Brien v. Shea, 326 Mass. 681, 96 N.E.2d 163 (Sup. Jud. Ct. 1951). To similar effect is the reasoning in Cosgrave v. Malstrom, supra (127 N.J.L. at page 508). The rationale appears to be that, as in our case, the main purpose for the presence of the plaintiff on the premises is social *459 and not to render services. The nature of the relationship should be governed throughout by that purpose and not by the fact that the guest may during a small portion of the stay assist in preparing food for a meal or perform some other minor chore of benefit to the hostess at the latter's request. The facts here, considered most favorably to plaintiff, demonstrate as matter of law that she was a social guest and nothing more.
Even were plaintiff to be considered an invitee on any basis, we do not conceive the result should be any different. Again the duty owed to such a person under our present law is generally equivalent to that set forth in the Restatement. It is not simply a broad general standard of reasonable care under the circumstances. The only additional obligation owed over that to a licensee, with respect to dangerous conditions on or of the premises, is to exercise reasonable care to discover them. Restatement, sec. 343. Beyond that the duty is the same, i.e., to exercise reasonable care to make the condition reasonably safe or to give a warning adequate to enable avoidance of the harm. The obligation ordinarily does not exist where the invitee knows of the condition and realizes the risk. Similarly, there is generally no liability for harm caused by failure to carry on activities with reasonable care for the safety of invitees if the latter know of the activities and the risk involved. Restatement, sec. 341. It is recognized that there are exceptional cases, despite the exclusionary language of the Restatement, where only a warning to an invitee of a dangerous condition may not be a sufficient discharge of duty or realization of the risk will not preclude liability, as in the case of icy steps or an otherwise dangerous surface which of necessity has to be traversed as the only reasonable means of essential passage. Prosser, op. cit., pp. 459-460; Harper and James, op. cit., sec. 27.13; 12 Rutgers L. Rev. 599, at 614; Williamson v. Derry Electric Co., 89 N.H. 216, 196 A. 265 (Sup. Ct. 1938). Plaintiff would not fall within any such exception, even if she had contended she did, since there is nothing in the proofs to indicate any necessity for *460 her to use the stairs in the late afternoon in the face of the risk so fully known to her.
In view of the basis of decision expressed, we need not consider the questions of contributory negligence or assumption of risk, or discuss at any length whether the waxing and polishing of the steps to a slippery surface constituted sufficient evidence of negligence without more. Plaintiff does not contend that the manner of application of the wax was not in accordance with the normal and accepted practice and standard. Our latest decision where such is the situation appears to indicate that no inference of negligence can be found simply because the finished condition is slippery. Overby v. Union Laundry Co., 28 N.J. Super. 100 (App. Div. 1953), affirmed, 14 N.J. 526 (1954).
The judgment is affirmed.