84 N.J. Super. 1 (1964)
200 A.2d 783
MARY WASSERSTEIN AND SAMUEL WASSERSTEIN, PLAINTIFFS-RESPONDENTS,
v.
SWERN AND COMPANY, A NEW JERSEY CORPORATION, TRADING AS LIT BROTHERS, TRENTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 26, 1963.
Decided May 22, 1964.
*3 Before Judges GAULKIN, FOLEY and LEWIS.
Mr. Kenneth Dawes, Jr. argued the cause for appellant (Messrs. Dawes & Dawes, attorneys).
Miss Ruth Rabstein argued the cause for respondents (Messrs. Pellettieri & Rabstein, attorneys; Mr. George L. Pellettieri, on the brief).
The opinion of the court was delivered by FOLEY, J.A.D.
By leave, defendant appeals from an interlocutory order of the Law Division denying its motion to quash subpoenas duces tecum which plaintiffs had served *4 upon two agents of defendant's insurance carrier, requiring them to produce "all records of any and all claims made in anywise relating or pertaining to the escalators at Swern & Co., t/a Lit Brothers in Trenton, New Jersey, for 10 years prior to December 10, 1962."
The complaint filed in the matter alleged that on October 3, 1960 plaintiff Mary Wasserstein, while a customer in defendant's department store, sustained personal injuries when she fell on an escalator on which she was riding from the second floor to the first floor of the store. Negligence was charged in general language.
In a pretrial deposition Mrs. Wasserstein testified that she was caused to fall when a woman riding in front of her in some manner lost her balance and fell backward toward plaintiff. At the pretrial hearing, the negligence charged included allegations that defendant "permitted said escalator to become overcrowded and unsafe, made no provisions for stopping it when someone fell, and for protecting other passengers when someone fell; * * * failing to warn plaintiff of dangers; * * *."
The subpoenas were served on December 6 and made returnable on December 11. Trial of the case was commenced on December 11, 1962 when a jury was impanelled and plaintiffs' attorney made an opening statement to the jury. In this statement the theory of liability upon which plaintiffs relied was that defendant violated its duty to exercise reasonable care by failing to prevent overcrowding of the escalator, and in failing to warn customers of dangers inhering in the normal use of the device. Notice and knowledge of these dangers, the attorney stated, would be proved by evidence that defendant was aware that on many prior occasions, and for various causes, other persons had fallen on the escalator while it was in motion. He stated:
"We will have incidents of many, many, many occasions; not once, not twice, not fifteen but many, many times, that patrons, business invitees who came into this store to transact business, they fell on the escalator because their heel was caught, their shoes were caught, *5 their sneakers were caught, their boxes, their packages, their clothing got caught on the escalator, causing them to fall and people even injuring their fingers in this escalator. That all proves knowledge of a dangerous condition under the law which we are required to prove."
The following day, before any other witness was called, plaintiffs called to the stand Marcel J. Koster, one of the persons upon whom a subpoena was served. At the conclusion of his testimony, which was taken out of the presence of the jury, defendant moved to quash the subpoenas. Parenthetically, we observe that the better practice would have been for defendant to have made the motion as soon as possible after the subpoenas were served and prior to the impanelling of the jury. See R.R. 4:46-2. Koster testified that he was manager of the East Orange office of defendant's insurance carrier, and that this office services claims in the territory in which defendant's department store is located. He stated that he had brought with him from the East Orange office the only files relating to prior accidents in the category described in the subpoena, and that if there were additional files, he could "only surmise that these records are in Baltimore, Md., [the home office of the insurance company] or places other than Baltimore, Md., unknown to me." As to his efforts to obtain such records, he said:
"We have called up our office in Baltimore and requested same. Unfortunately we don't know which are escalator cases and which are not escalator cases. Many of these files have been destroyed. It's humanly impossible at this point to comply with this. I personally have endeavored and have done everything that I can to procure these records."
Koster went on to say that not only was it impossible for him to comply with the subpoena in the time allotted to him to do so, but that he did not know how long it would take to fully comply; that defendant's store operation is a part of a nationwide organization of allied stores covered by the insurance company for public liability, and that the company's method of recording claims does not include an index of "escalator cases."
*6 At the conclusion of the hearing a chambers conference was held. What transpired is not made part of the record but it appears that the judge denied the motion and declared a mistrial. Thereafter, on January 13, 1963, the trial court made a formal order denying defendant's motion to quash, and directing that the witnesses produce the records demanded for a period of three years prior to October 3, 1960.
R.R. 4:46-2, supra, provides in part:
"The court on motion made promptly, and in any event at or before the time specified in the subpoena for compliance therewith, may (a) quash or modify the subpoena if it is unreasonable and oppressive, * * *."
On this appeal defendant, conceding that a motion to quash a subpoena duces tecum is addressed to the discretion of the court, contends that the subpoenas in question were "essentially exploratory in nature, unreasonable, oppressive, irrelevant to the issues framed by the pleadings and the pretrial order," and, therefore, the trial court erroneously exercised its discretion in denying defendant's motion to quash.
Preliminarily, it may be said that judicial discretion means legal discretion in the exercise of which the court must take account of the law applicable to the particular circumstances of the case and be governed accordingly. Implicit is conscientious judgment directed by law and reason and looking to a just result. Sokol v. Liebstein, 9 N.J. 93, 99 (1952); Kavanaugh v. Quigley, 63 N.J. Super. 153, 158 (App. Div. 1960). Consequently, if the trial judge misconceives the applicable law or misapplies it to the factual complex, in total effect the exercise of legal discretion lacks a foundation and becomes an arbitrary act. When this occurs it is the duty of the reviewing court to adjudicate the controversy in the light of the applicable law in order that a manifest denial of justice be avoided. Kavanaugh v. Quigley, supra.
It is well settled that the subject of a subpoena duces tecum must be specified with reasonable certainty, and that *7 there must be a substantial showing that the evidence sought to be adduced is relevant and material to the issues of the case. State v. Cooper, 2 N.J. 540, 556 (1949). If the specification is so broad and indefinite as to be oppressive and in excess of the demandant's necessities, the subpoena is not sustainable. Ibid. In the Cooper case the court observed that this principle is embodied in R.R. 3:5-10(c) (now R.R. 4:46-2, supra), noting that the trial court is empowered to quash or modify the subpoena "if compliance would be unreasonable or oppressive." 2 N.J., at pp. 556-557.
Initially, we fail to perceive the substantial showing of relevancy and materiality of the records demanded as required by Cooper, supra. As we have already noted, the instant claim was not based upon negligence in the construction or maintenance of the escalator itself. Admittedly, plaintiff's fall and consequent injuries were entirely attributable to the fact that another customer fell backward toward plaintiff. Nor is it suggested that this customer fell because of the improper construction, or the negligent maintenance or operation of the escalator. Indeed, it appears from plaintiff's deposition that the other customer's fall was due to spike heels which she was wearing. Thus, it does not appear to us that the mere proof that on prior occasions other customers had claimed to have fallen on the escalator for a myriad of reasons, would be proof of notice of a specific condition which defendant was bound to correct. Cf. Crouse v. Stacy-Trent Co., 110 N.J.L. 124, 128 (E. & A. 1933); Debes v. Morgenroth, 48 N.J. Super. 39, 44 (App. Div. 1957). See also Miller v. Muscarelle, 67 N.J. Super. 305, 319 (App. Div. 1961), certification denied 36 N.J. 140 (1961).
Next, apart from the question of relevancy and materiality, we conclude that the demands of the subpoenas were unreasonable and oppressive for the reason, among others, that they obliged defendant to produce on short notice data which was ascertainable by the pretrial discovery proceedings provided for in the revised rules. Plaintiffs did serve upon defendant interrogatories in which they asked whether, *8 during the two years prior to the accident, any person suffered an accident on the escalator "or any other of defendant's escalators," and if so, how many and "what was the cause of each such accident." They also asked the name of every person injured "by the escalators" and the date of the accident. Defendant replied that the questions were "improper." Passing the question of whether the defendant should have moved to strike the objectionable interrogatories under R.R. 4:23-8, the fact remains that plaintiffs did not seek to compel answers (we do not pass upon the question of whether answers could have been compelled). As was said in Schlossberg v. Jersey City Sewer Authority, 15 N.J. 360, 374 (1954), to permit the trial itself to take on the aspects of a discovery proceeding is manifestly destructive of the aims of our new procedural framework.
But perhaps the most important reason why defendant's motion to quash should have been granted is the adverse effect compliance with the subpoenas would have upon the orderly conduct of the trial and the due administration of justice. If the plaintiffs are permitted to offer in evidence "all records of any and all claims made in anywise relating or pertaining to [defendant's] escalators" for a period of three years prior to October 3, 1960, it seems obvious that defendant should be permitted to offer evidence that such claims were groundless, or that they related to complaints not comparable to the claim here asserted. We are convinced that these "trials" within the trial of the present case could not fail to create a degree of confusion in the minds of the jury which would obscure the issues which they are here called upon to decide. Cf. Schlossberg v. Jersey City Sewer Authority, supra.
For these reasons we conclude that defendant's motion to quash should have been granted. Reversed.