**STATE of Maine**

v.

**Ricky D. LOVELY.**

Supreme Judicial Court of Maine.

Argued June 9, 1982.

Decided Oct. 29, 1982.

---

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Norman Rattey, Law Student Intern (orally), Portland, for plaintiff.

Daniel G. Lilley, P.A., Naomi Honeth (orally), Portland, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

Defendant appeals from his conviction for arson, entered on a jury verdict in Superior Court, Cumberland County. Because the trial justice's summary refusal to question prospective jurors concerning anti-homosexual bias constituted error, we sustain the appeal.[1]

Defendant was charged with setting fire to a structure and with causing fires at two adjacent properties. Pretrial discovery suggested and the evidence at trial disclosed that the structure was a gay bar, frequented by homosexuals, and that defendant was a patron. At the conclusion of the court's summary voir dire of the jury panel, the presiding justice refused defense counsel's sole request that the jurors be asked about any bias they might have toward homosexuals. The court did not inquire about the reason for the requested voir dire, and none was offered by defense counsel.

■ The purpose of the voir dire examination is to detect bias and prejudice in prospective jurors, thus ensuring that a defendant will be tried by as fair and impartial a jury as possible.

Under our Rules of Criminal Procedure, the trial judge may elect to conduct the initial voir dire of prospective jurors himself. Such a procedure obviously was designed to save time in the trial proceedings. *United States v. Corey,* 625 F.2d 704 (5th Cir. 1980). The drafters of the rules recognized, however, that examination of prospective jurors by the court is often a poor substitute for examination by defense counsel. Thus Rule 24 expressly provides:

> If the court elects to conduct an initial examination, when that examination is completed the court shall permit the parties or their attorneys to address additional questions to the prospective jurors on any subject which has not been fully covered in the court's examination and which is germane to the jurors' qualifications.

M.R.Crim.P. 24(a).

■ To effectuate the salutary goals of trial economy contemplated by Rule 24, the trial justice is afforded considerable discretion in determining the scope of voir dire. *State v. Robbins,* Me., 401 A.2d 161 (1979). A proper exercise of discretion, however, is not evidenced merely by the fact that a decision was rendered. The exercise of discretion involves an informed judgment based upon a foundation of law and reason.

> Discretion means legal discretion in the exercise of which the court must take account of the law applicable to the particular circumstances of the case and be governed accordingly. Implicit is conscientious judgment directed by law and reason and looking to a just result.

*State v. Mason,* Me., 408 A.2d 1269, 1272 (1979) quoting *Wasserstein v. Swern & Co.,* 84 N.J.Super. 1, 200 A.2d 783, 786 (1964).

In the present case the presiding justice did not abuse his discretion in determining whether the proposed question was germane to juror's qualifications but, rather, he erred in making a decision in the absence of any relevant information or inquiry.[2]

---

1. Defendant also challenged the propriety of the jury instructions and the denial of a discovery motion. Because of our disposition of the voir dire question, we do not reach these issues.

2. The record does reflect that the trial justice had presided at a hearing on a discovery motion which included representations that the burned structure was a gay bar. He also knew that for some unexpressed reason defendant had requested that the jury panel be questioned

It is axiomatic that a juror who admittedly harbors anti-homosexual prejudice should be subject to inquiry at the trial of an individual who is or may be perceived to be a homosexual. *See State v. Taylor,* 423 A.2d 1174, 1176 (R.I.1980). The stigmatization of homosexuals in our society and the possibility of anti-homosexual bias arising from the pervasive belief that homosexuals are deviants cannot be gainsaid. *See, e.g.,* S. Dinitz, R. Dynes & A. Clarke, *Deviance* 323 (1969). Since the law requires the trial judge to empanel as impartial a jury as possible, the effective exercise of the court's discretion in determining whether to ask about anti-homosexual bias would have required the trial judge to develop the factual circumstances so that he could make an informed judgment on whether such inquiry was necessary. If the judge had asked the reason for the request rather than cutting off the proceeding, he would have been better situated to determine whether anti-homosexual bias was "germane to the jurors' qualifications" under Rule 24. Alternatively, the trial justice in conducting voir dire could have

> give[n] all deliberate deference to counsel's advantage of prior research and investigation. Their preparation of the case gives them more intimate knowledge of the strengths and weaknesses of their clients' cases, and consequently accords them ability to prepare voir dire questions better designed to insure a fair and impartial jury.

*United States v. Corey,* 625 F.2d at 798. Such deference would have met the need, recognized in Rule 24 and by many other jurisdictions, for a means of testing impartiality that creates "a reasonable assurance that prejudice [will] be discovered if present." *United States v. Delval,* 600 F.2d 1098, 1102 (5th Cir.1979); *United States v. Baldwin,* 607 F.2d 1295 (9th Cir.1979); *United States v. Dellinger,* 472 F.2d 340 (7th Cir.1972). Since the trial justice pursued neither of the avenues available to him which would have assured a just result, we find that his denial of defense counsel's

request to question the jury on anti-homosexual bias constitutes error.

Finally we point out that this opinion neither limits nor restricts the discretion of the trial justice in determining whether a specific inquiry is germane to juror's qualifications. We only reaffirm the requirement that such a determination be an informed judgment based upon law and reason or, alternatively, that some measure of deference be given to counsel's advantage of prior research and investigation. We do not condone defense counsel's failure to inform the court more thoroughly of the relevance of the requested voir dire, however, we vacate the conviction because of the essential unfairness of allowing a homosexual or one who might well be perceived by the jury as homosexual to be tried by a jury whose prejudices concerning homosexuals have not been examined. In the final analysis it is the trial justice, not the defense attorney, who is responsible for the fairness of the proceeding. "Any matter which would contaminate [the impartiality and essential integrity of the jury] should invite the attention and concern of the trial justice, for he, above all others, is the immediate custodian and steward of justice in the circumstances and exigencies of the particular case." *Matter of Kozlov,* 79 N.J. 232, 398 A.2d 882, 885 (1979).

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

on the issue of anti-homosexual bias. Such circumstances could give rise to an inference

that homosexuality might become a factor in the course of the trial.