STATE OF MAINE

ANDROSCOGGIN, ss.

RECEIVED & FILED

APR 2 6 2000

ANDROSCOGGIN
SUPERIOR COURT

TIMOTHY O. PETERSON,

Plaintiff

v.

LEWISTON SUN JOURNAL,

Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-98-003

JICH AND 4|26|~~

DONALD L. GARBRECHT
LAW LIBRARY

APR 28 2000

ORDER

This matter is before the court on the plaintiff's Motion to Alter or Amend this court's order of December 30, 1999, which granted the defendant's Motion for Award of Legal Fees and Costs. The motion has been briefed and argued and is in order for disposition.

The pending motion is brought pursuant to M.R. Civ. P. 59(e) which allows a court to alter or amend a judgment if made within 10 days after entry of the judgment. Because the award of legal fees and costs can serve as a judgment which, in this case, can be enforced against the plaintiff, Rule 59 is an appropriate vehicle by which to seek new findings and conclusions of law and to amend the previous order, although M.R. Civ. P. 60(b) is the rule most applicable to the plaintiff's quest to be relieved from the court's award of fees and costs to his opposing party. Either way, the motion must be addressed to correct the court's errors of law in its December 30 order and to thereby alter the results of the defendant's Motion for Award of Legal Fees and Costs.

In addressing this task, however, the court concludes first that it did not err in its interpretation of M.R. Civ. P. 6(d) and 7(c)(2) nor in its application of the excusable neglect standard found at M.R. Civ. P. 6(b). Because the court is satisfied that it applied those rules properly in evaluating the plaintiff's reply to the defendant's motion for fees and costs, it will not disturb that aspect of the December 30, 1999 order. Thus, the pending motion must be denied as to plaintiff's arguments in this regard.

However, the plaintiff's assertion that the court erred in failing to exercise discretion in its granting of the defendant's motion for fees and costs is a meritorious grievance which must be addressed and a correction entered. Thus, the plaintiff argues, and the court concurs, that it erred in applying the censure of M.R. Civ. P. 7(c)(3) without exercising its discretion as to the defendant's motion for fees and costs as 5 M.R.S.A. § 4614 (1989) requires. So, even though the plaintiff failed to timely answer the defendant's motion as the rules require, the defendant is not entitled to have its request for the award of fees and costs granted without judicial scrutiny.

Section 4614 reads as follows:

> In any civil action under this Act, the court, in its discretion, may allow the prevailing party, other than the commission, reasonable attorneys' fees and costs, and the commission shall be liable for attorneys' fees and costs the same as a private person.

The plain import of this text is that in allowing the award of fees and costs, the court is to exercise its discretion. Where, as here, the court fails to exercise

2

discretion and simply awards the relief sought, such a ruling "is based upon a misconception of the applicable law." *State v. Mason*, 408 A.2d 1269, 1272 (Me. 1979).

> Discretion means legal discretion in the exercise of which the court *must take account of the law applicable to the particular circumstances of the case and be governed accordingly.* Implicit is conscientious judgment directed by law and reason and looking to a just result. . . . Consequently, if the trial judge misconceives the applicable law, or misapplies it to the factual complex, in total effect the exercise of the legal discretion lacks a foundation and becomes an arbitrary act, however conscientious may have been the judge in the performance of it.

*Id*. (quoting *Wasserstein v. Swern & Co.*, 200 A.2d 783, 786 (N.J. 1964)) (emphasis supplied in *State v. Mason*).

Thus, even though the defendant enters the debate over the award of fees and costs with the advantage offered by M.R. Civ. P. 7(c)(3) that the plaintiff must be said to have waived "all objections to the motion," the award must nevertheless entail the exercise of discretion which takes account of the applicable law as well as the remedies sought.

The law applicable to actions brought under the Maine Human Rights Act can be interpreted by reference to both state and federal law. That is because our Law Court has told us that federal precedent may be used as an aid in interpreting our anti-discrimination laws. *Bowen v. Dep't. of Human Serv.* 606 A.2d 1051, 1053 (Me. 1992). This is particularly true, where as here, the case is one of first impression in Maine law. *Id*. [1]

---

[1] The court can find no case in Maine jurisprudence, and the parties have cited none, as to the standards to be applied in awarding fees and costs to a prevailing defendant under the Maine Human Rights Act.

The seminal case from the Supreme Curt on the topic of awarding a defendant fees and costs in a Title VII employment discrimination case under the Civil Rights Act of 1964, is *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978). There the court interpreted section 706(k) of Title VII, which permits the award of fees and costs to the prevailing party in text nearly identical to our 5 M.R.S.A. § 4614, to only allow those remedies to a defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." 434 U.S. at 421. In making this assessment, a trial court is not to engage in "post hoc reasoning" that because the plaintiff did not prevail, his action "must have been unreasonable or without foundation." *Id.*

While the defendant argues forcefully that the course of this litigation illustrates the meritless nature of the plaintiff's claim, the court cannot concur that it was "frivolous, unreasonable, or groundless or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422. For example, the defendant emphasizes the Maine Human Rights Commission's finding that there were no reasonable grounds "to believe that unlawful age discrimination has occurred" is a persuasive basis to conclude that the plaintiff's case was meritless, that the plaintiff knew it, but continued on nevertheless. The Commission's findings, which are here simply those of its investigator, however, do not entail a full exposition of the merits of each side's position in the case and are not adjudicative. Moreover, as the record in this case shows, it was only after the complaint was filed in this court that the plaintiff was provided with relevant employment records from the defendant, via a

4

motion to compel, which would serve to address evidence applicable to the second and third stages of the shifting burdens of proof in an employment discrimination case. *Shorette v. Rite-Aid of Maine, Inc.*, 155 F.3d 8, 12-13 (1st Cir. 1998).[2] Thus, at the stage of the proceedings where the Maine Human Rights Commission was involved, neither the Commission, nor the plaintiff had the full record of potentially disparate treatment of the plaintiff to compare to that enjoyed by younger or retained workers.

The fact that the defendant, through counsel, warned the plaintiff that if he pursued his complaint, costs and fees would be sought adds little to the defendant's argument except that it has kept this promise. This approach taken by the defendant is one often pursued in litigation, both civil and criminal; that is the warning of consequences that will be sought if the other party does not acquiesce to the first party's demands. It would be contrary to a court's independent exercise of discretion if it were to enforce such a promise and impose consequences that the court did not independently find to be appropriate.

Last, the defendant cites its success in obtaining summary judgment in this case as a basis for awarding it attorney's fees and costs. Aside from establishing the defendant as the prevailing party so that it is statutorily eligible for the award of fees and costs under 5 M.R.S.A. § 4614, this result offers little aid to the defendant in establishing that the plaintiff's case was "frivolous, unreasonable, or without

---

[2] The defendant stipulated in its summary judgment submissions that the plaintiff established a *prima facie* case for the purpose of the three stage burden-shifting process.

5

foundation . . ." *Christianburg Garment Co.*, 434 U.S. at 422. Indeed, plaintiff's lack of success in defeating the summary judgment had more to do with his failure to adhere to the exacting standards of summary judgment litigation than it did with the lack of merit in his case. Indeed, not only did the parties agree during the summary judgment phase of this case that the plaintiff had a *prima facie* case of employment discrimination, had he properly presented the admissible evidence to support his Statement of Material Facts, he might have survived to take the case to trial.[3]

Taking its arguments together or separately, then, the defendant has failed to establish that the plaintiff's case was so meritless that this court should turn to a second phase of discretionary decision-making and determine what fees and costs should be awarded to the defendant. This is because the defendant is not entitled to this remedy as a matter of law, notwithstanding the plaintiff's failure to object to its motion, because it has failed to establish that the plaintiff's cause of action was frivolous, a prerequisite to an award of fees and costs under the applicable law.[4]

---

[3] Thus, it can also be said that in applying the law from various circuits of the United States Court of Appeals, defendants are not to be awarded attorney's fees in a civil rights case where the plaintiff has established a *prima facie* case. *Johnson v. Allyn & Bacon, Inc.*, 731 F.2d 64, 74 (1st Cir. 1984); *E.E.O.C. v. Tarrant Distrib., Inc.*, 750 F.2d 1249, 1251 (5th Cir. 1984); *Wrenn v. Gould*, 808 F.2d 493, 504 (6th Cir. 1987).

[4] This result is consistent with the result in the case of *Hughes v. Rowe*, 449 U.S. 5, 6 (1980) in which the Supreme Court applied the *Christianburg* analysis to the award of attorney's fees to a defendant who prevailed, in part, at the trial court level but nevertheless vacated the award of the fees to that party. In *Hughes*, the plaintiff failed to respond to the motion for fees which inaction served as the basis for trial court's award of fees. While not directly addressing the import of this apparent waiver of objection to the award of fees, the Supreme Court nevertheless held that such an award is a discretionary process requiring the trial court to evaluate the plaintiff's claims to determine if they were "'groundless' or 'without foundation' as required by *Christianburg*." *Id.* at 15.

All that being so, the entry must be:

Plaintiff's Motion to Alter or Amend Order Granting Defendant's Motion for Award of Legal Fees and Costs is GRANTED; so much of this court's Order of December 30, 1999, which grants the defendant its fees and costs is VACATED.

Dated: April 25, 2000

John R. Atwood
Justice, Superior Court

John R. Lemieux
Plaintiff

Michael R. Poulin
Defendant

7