**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0704-20

In the matter of the application of
CLOVER/ALLEN'S
CREEK  NEIGHBORHOOD
ASSOCIATION, LLC,

      Plaintiff,

and

SAVE MONROE AVE., 2900
MONROE AVENUE, LLC,
CLIFFORDS OF PITTSFORD, L.P.,
ELEXCO LAND SERVICES, INC.,
JULIA D. KOPP, MARK BOYLAN,
ANNE BOYLAN, and STEVEN M.
DEPERRIOR,

      Plaintiffs-Appellants,

v.

M&F, LLC, DANIELE SPC, LLC,
MUCCA MUCCA, LLC,
MARDANTH ENTERPRISES,
INC., M&F, LLC, DANIELE SPC,
LLC, MUCCA MUCCA, LLC,
MARDANTH  ENTERPRISES,
INC., collectively doing business as
DANIELE FAMILY COMPANIES,

TOWN OF BRIGHTON,
NEW YORK, TOWN BOARD OF
THE TOWN OF BRIGHTON,
NEW YORK, NMS ALLENS
CREEK, INC., and ROCHESTER
GAS AND ELECTRIC COMPANY,

For a judgment pursuant to New
York CPLR Article 78, for a
declaratory judgment pursuant to
New York CPLR 3001, and for a
judgment to quiet title pursuant to
Real Property Actions and
Proceedings Law Article 15,

     Defendants.

_____

WHOLE FOODS MARKET
GROUP, INC.,

     Respondent.

_____

Argued December 9, 2021 – Decided December 17, 2021

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4754-20.

Michael D. Zahler argued the cause for appellants (Hodgson Russ, LLP, attorneys; Michael D. Zahler and Carmine J. Castellano, of the New York bar, admitted pro hac vice, on the briefs).

Cassandra A. Willock argued the cause for respondent Whole Foods Market Group, Inc. (Fishman McIntyre

Levine Samansky, PC, attorneys; Cassandra A. Willock, on the brief).

PER CURIAM

Appellants are a group of organizations and individuals who oppose a real estate developer's proposed construction of a shopping plaza in the Town of Brighton, New York. They appeal from a September 28, 2020 order granting respondent Whole Foods Market Group, Inc.'s (Whole Foods) motion to quash a discovery subpoena because it was not tailored to the specific circumstances and issues involved in the litigation, and was overbroad and oppressive. We affirm substantially for the reasons set forth by Judge Estela M. De La Cruz in her comprehensive written statement of reasons.

Appellants intervened in litigation in New York where the original plaintiffs alleged, among other things, that a portion of the project's parking lot would encroach upon a ten-foot strip of land over which Brighton held an easement to maintain a pedestrian pathway[1] for public use. Appellants contend that state's "Public Trust Doctrine" prohibits Brighton from conveying the easement to the developer without first obtaining the approval of the New York

---

[1] This pathway is known as the "Auburn Trail."

Legislature and then conducting a permissive referendum concerning the proposal.

Appellants and plaintiffs engaged in discovery in the New York case and have obtained information from the developer and other defendants about the proposed uses and layout of the shopping plaza. The developer plans to lease space in the shopping plaza to Whole Foods, which is not a party to the New York litigation. Whole Foods owns a chain of grocery stores and proposes to operate a retail facility in Brighton. Perhaps coincidentally, Wegmans Food Markets, Inc. (Wegmans), a competitor, is providing funding for at least some of appellants' litigation efforts[2] and operates a grocery store of its own approximately one mile from the Brighton site.

In July 2020, appellants served a subpoena upon Whole Foods at an address in Bergen County.[3] The subpoena sought all "communications" and "documents" in Whole Foods' possession concerning: (1) "[y]our intended or

___

[2] Appellants state in their brief that "Wegmans is one of the funding sources for groups opposing the [p]roject (including [a]ppellants) . . . [but] is neither a party to the New York [a]ction (or any lawsuit involving the [p]roject) nor [one of the appellants]."

[3] Two days later, appellants served a second, identical subpoena upon Whole Foods at an address in Hudson County. We will discuss that subpoena further below.

A-0704-20

potential interior and exterior uses of the" Brighton site; (2) "the volume and/or amount [of] deliveries to the [s]ite"; (3) "the use of the [s]ite for a pub or restaurant"; (4) "the use of the [s]ite for Amazon.com lockers"; (5) "the use of the [s]ite for the customer pick-up or return of products ordered from Amazon.com"; (6) "the use of the [s]ite as an Amazon.com sorting center and/or delivery station"; (7) "the Auburn Trail"; (8) Brighton's "granting of an easement to the [d]eveloper at the [s]ite"; (9) "parking and/or traffic at the [s]ite"; (10) "customer volume at the [s]ite"; (11) "non-customer volume at the [s]ite"; and (12) "[y]our floor plans for the [s]ite."

Thus, appellants primarily sought information concerning Whole Foods' business operations inside Whole Foods' facility, rather than what, if anything, it proposed to do in the ten-foot strip outside in the parking lot that may have encroached upon Brighton's easement. The subpoena defined the requested "communications" as "the transmittal of information (in the form of facts, ideas, inquiries, or otherwise)[,]" and broadly defined the terms "document" and "documents" as meaning:

> any handwritten, printed, computer-produced, typed, photographed, phone, or tape recorded matter in paper form, electronic form, or stored on any other media, and includes without limitation memoranda, correspondence, records, e-mails, reports, letters (sent or received), messages (including but not limited to text

A-0704-20

messages and messages using social media platforms), <u>books of account, assignments, licenses, contracts, ledgers, invoices, statements, bills, checks (front and back),</u> instructions, files, communications (including, but not limited to, inter- and intra-office communications), photographs, diagrams, minutes, agreements, <u>analyses, drafts, notes, lists, journals, ledgers, calendars, diaries, audiotapes, videotapes,</u> phone records, personal conversations or interviews, receipts, accounts, teletyped files, facsimile files, bank statements, and any other document of any type. "Document" shall include originals (or copies if originals are not available), non-identical copies (whether different from the original because of handwritten notes or underlining or otherwise), any translations of any documents, and any drafts of documents. A draft or non-identical copy is a separate Document within the meaning of this term.

[(emphasis added).]

Whole Foods filed a motion in the Law Division to quash the Bergen County subpoena. Whole Foods argued that appellants' "demands for documents to be produced and subjects of subpoenaed testimony [were] vague, overb[r]oad, oppressive[,] and unreasonable as to time and scope." In addition, Whole Foods asserted the subpoena's "demands d[id] not distinguish or exclude any documents, communications, and/or testimony that [were] covered under

6

privilege or protected" and would require Whole Foods to "generate an exhaustive and oppressive privilege log for any such document."[4]

Judge De La Cruz agreed with Whole Foods and quashed appellants' subpoena. She found that the information appellants sought was not relevant to the New York litigation, and explained:

> Given that this litigation involves a dispute over a specific [ten]-foot strip of land that is alleged to be an easement for the benefit of [appellants], the[] subpoena[] [is] not tailored to the specific circumstances and issues that target Whole Foods for production. The [c]ourt deems the subpoena[] to be overbroad and oppressive for these reasons and hereby grants the motion.

The judge next determined that any documents Whole Foods produced

> would not have the same confidentiality and protection as those exchanged during discovery between the parties [in the New York litigation], and would, in effect, permit a loophole for information that will probably include proprietary information, trade secrets[,] and other information to be shared by the parties, including with Whole Foods' competitor, Wegman[]s. This [c]ourt will not permit a litigant in

---

[4] Significantly, the parties to the New York litigation earlier entered into a "Stipulated Confidentiality Agreement/Order" that deemed confidential any "commercial or personal information" produced by a party. In addition, this agreement provided that information whose disclosure could result in "potential competitive injury" would be designated as "Confidential – Counsel Eyes Only" and protected from disclosure to any person without the prior consent of the designating party. Appellants' subpoena to Whole Foods contained none of these protections.

A-0704-20

the New York [a]ction to avoid the stipulations agreed upon in the protective and confidentiality Order and cause exposure to [Whole Foods] of its sensitive and proprietary information contained in the myriad of the items demanded. The subpoena[] [is] hereby deemed to be unreasonable given this circumstance.

The judge also observed that appellants were seeking documents from Whole Foods that were "not demanded in the parties' own discovery" because the definition of the term "documents" in the subpoenas the parties used in New York was not as comprehensive as the definition of that term contained in appellants' subpoena to Whole Foods. The judge stated:

The list of demands [in the challenged subpoena] is exhaustive and is so sweeping that virtually every conceivable type of communication, writing, memorandum[,] or record under the sun, . . . is demanded to be sorted and produced by the nonparty movant. . . . Review of this record illustrates how overbroad and oppressive compliance with the letter of the demand will be.

As noted above, appellants served an identical subpoena seeking the same documents from Whole Foods at an address in Hudson County. Whole Foods filed a separate motion in the Law Division in Hudson County to quash that subpoena, and it went before a different judge in that vicinage.

On September 11, 2020, the Hudson County judge entered an order denying Whole Foods' motion to quash. In a two-paragraph statement of

8

reasons, the judge directed Whole Foods to prepare a privilege log if it had any objections to the production of its documents. Appellants included a copy of this order in their appendix. However, the judge subsequently granted Whole Foods' motion for reconsideration and, in a November 4, 2020 order, concluded that appellants were only entitled to documents concerning the exterior operations of the Whole Foods facility. The judge quashed the subpoena insofar as it sought "documents or testimony regarding the proposed interior construction or operations of the as-yet-to-be-built premises" because these matters were not relevant to the New York litigation. Appellants briefly referred to this order in their appellate brief but did not provide us with a copy of it.

We therefore asked appellants to supply us with a copy the November 4, 2020 order and any subsequent orders. We then learned that Whole Foods later submitted documents for the Hudson County court's in camera review and the court determined, in an April 21, 2021 order, that seven documents concerning the exterior of the building should be released to appellants. Appellants received these documents sometime in September 2021. The Hudson County litigation is now concluded and neither party has filed an appeal concerning any of the orders entered in that matter.

We are at a loss to understand why the parties did not immediately apprise this court on their own of the progress of the Hudson County litigation. The Hudson County orders may not have been part of the record on appeal, but the parties had a duty to promptly file a motion to supplement the record to include them. This is so because the parties each submitted briefs after the Hudson County judge entered the November 4, 2020 and April 21, 2021 orders and, as we will discuss below, appellants continued to rely upon the September 11, 2020 order in its reply brief, even though the judge had reconsidered that order and it was no longer in effect.

Despite the parties' neglect of their responsibilities to this court and to the trial courts, we have determined to resolve what is left of their dispute as to the Bergen County subpoena. At this point, Whole Foods has provided appellants with its documents concerning the exterior of its proposed facility in Brighton. Therefore, appellants' request for those documents in this appeal is moot, and the only remaining question is whether Judge De La Cruz properly exercised her discretion by quashing the subpoena as it pertained to the interior construction and operations of the Whole Foods store.

On appeal, appellants raise the same arguments they unsuccessfully presented to Judge De La Cruz. They assert the documents they sought,

10

including those concerning the internal operation of the Whole Foods facility, were relevant to the ten-foot easement located in the parking lot of the development and the subpoena did not impose an undue burden upon Whole Foods. We disagree.

Our review of the judge's September 28, 2020 order "is driven by the familiar abuse-of-discretion standard applicable when appellate courts review discovery orders: appellate courts are not to intervene but instead will defer to a trial judge's discovery rulings absent an abuse of discretion or a judge's misunderstanding or misapplication of the law." Cap. Health Sys. v. Horizon Healthcare Servs., 230 N.J. 73, 79-80 (2017) (citing Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)). Applying this standard, we discern no basis for disturbing Judge De La Cruz's well-reasoned determination.

"It is well settled that the subject of a subpoena duces tecum must be specified with reasonable certainty, and that there must be a substantial showing that the evidence sought to be adduced is relevant and material to the issues of the case." Wasserstein v. Swern & Co., 84 N.J. Super. 1, 6-7 (App. Div. 1964) (citing State v. Cooper, 2 N.J. 540, 556 (1949)). "If the specification is so broad and indefinite as to be oppressive and in excess of the demandant's necessities, the subpoena is not sustainable." Id. at 7.

A-0704-20

"As to business records, courts have been most reluctant to force a nonparty competitor to divulge confidential information." Berrie v. Berrie, 188 N.J. Super. 274, 286 (Ch. Div. 1983). "Where the need for the information was not sufficient to outweigh the invasion of corporate privacy, discovery has been denied especially where the deponent is not a party to the suit." Ibid.

Here, appellants failed to explain how the internal business operations of Whole Foods' store would be relevant to the small strip of land in the outside parking lot where Brighton held an easement. Appellants also did not demonstrate why they needed information about such diverse topics as the store's floor plan; calendars or diaries maintained by Whole Foods concerning the interior uses of the site; or licenses, bills, and invoices for Whole Foods' operation.

Instead, appellants point to three "court rulings," none of which support its contention that the documents it sought were relevant to the New York litigation. First, appellants argue that a trial judge's law clerk in a separate lawsuit involving the project sent an email to the attorneys in that case stating that Whole Foods' records were relevant. However, that email merely invited the attorneys to "an informal workshop" where the developer would explain the impact of the development on the pedestrian trail that was the subject of the

12

easement. This email was not a judicial ruling and did not constitute evidence that information about Whole Foods' internal business operations was relevant in that, or any other, matter.

Second, appellants assert the discovery referee in the New York litigation referenced the need for discovery from Whole Foods in an August 28, 2020 order. However, the referee merely directed the attorneys for the parties "to meet and confer regarding the demands to address the [d]eveloper's contention that the" then extant discovery requests were "overbroad and/or duplicative . . . ." The referee stated that a discussion of the "uses of the site by the [d]eveloper's tenant Whole Foods" should be included in that meeting. Again, nothing in this order supports appellants' claim that documents concerning the inside of the Whole Foods' facility were relevant to the issue presented in that case.

Finally, appellants point to the Hudson County judge's September 11, 2020 order and argue that judge's denial of Whole Foods' motion to quash the subpoena demonstrates that all of the information it requested was relevant. As noted above, however, appellants' argument deliberately and improperly ignores the fact that the judge almost immediately reconsidered that order and rendered a new decision ruling that "documents or testimony regarding the proposed

interior construction or operations of the as-yet-to-be-built premises [were] irrelevant." Therefore, we conclude that Judge De La Cruz properly quashed the subpoena seeking this same information.

Appellants also argue that the judge's "decision is wrong and . . . flies in the face of . . . New Jersey's strong preference for broad discovery." We agree that "requests for discovery are to be liberally construed and accorded the broadest possible latitude to ensure that the ultimate outcome of litigation will depend on the merits in light of the available facts." Serrano v. Underground Util. Corp., 407 N.J. Super. 253, 268 (App. Div. 2009) (quoting Piniero v. N.J. Div. of State Police, 404 N.J. Super. 194, 204 (App. Div. 2008)). "However, 'the parties' discovery rights are not unlimited.'" Ibid. (quoting Piniero, 404 N.J. Super. at 204).

As Judge De La Cruz properly found, appellants failed to make a substantial showing that any of the documents it sought concerning the interior operations of the Whole Foods building were relevant to the easement question. In addition, appellants' request was clearly overbroad because it demanded "virtually every conceivable type of communication, writing, memorandum or record under the sun . . . ." The parties to the New York litigation had deemed all "commercial or personal information" to be confidential, yet appellants did

14

not extend this same protection to Whole Foods in its subpoena. Appellants also demanded specific types of documents from Whole Foods that it did not seek from the litigants in New York.

Judge De La Cruz's findings on these points are well supported by the record and, in light of those findings, her legal conclusions are unassailable. Because the judge properly exercised her discretion, we affirm her decision to quash appellants' subpoena.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0704-20